# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

GLORIA EVANS MICKENS, DORIS ENZOR,

AND OTIS EVANS                                                    CASE No.:

                          Plaintiffs

v.

CIRCUIT COURT, SECOND JUDICIAL CIRCUIT, as

CHIEF JUDGE FRANK ALLMAN of the CIRCUIT COURT,

 CIRCUIT COURT JUDGE DAVID FRANK, DISTRICT

COURT OF APPEALS, FIRST DISTRICT as CHIEF JUDGE

TIMOTHY D. OSTERHAUS, TYREC DE'SHUN BAKER,

 SHUN LENARD BAKER, DEPARTMENT OF FLORIDA

HIGHWAY PATROL, TROOPER DARIO HARRIS,

CORPORAL ERNEST E.HUNT, SERGEANT

MATTHEW R. KIRKLAND, CAPTAIN RYAN

M. MARTINA, COLONEL GENE SPAULDING,

EX-EXECUTIVE DIRECTOR TERRY L. RHODES,

EXECUTIVE DIRECTOR DAVE KERNER, FLORIDA

DEPARTMENT OF FINANCIAL SERVICES/DIVISION

OF RISK MANAGEMENT, SCOTT & WALLACE, LLP,

ROBERT SCOTT, J. CLINT WALLACE, WILLIAMS &

COLEMAN, P.A., JAMI A. COLEMAN,

                          Defendants.

_____/

## COMPLAINT

Plaintiffs Gloria Jean Mickens, Doris Enzor and Otis Evans, Sui Juris, sues the

Defendants CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT, as CHIEF JUDGE

DAVID ALLMAN, CIRCUIT COURT JUDGE DAVID FRANK as presiding Judge of

PROBATE COURT and CIRUIT COURT CIVIL CASE, THE FIRST DISTRICT COURT OF

APPEALS, as CHIEF JUDGE TIMOTHY D. OSTERHAUS, TYREC DE'SHUN BAKER,

SHUN LENARD BAKER, DEPARTMENT OF FLORIDA HIGHWAY PATROL, TROOPER

DARIO HARRIS, CORPORAL ERNEST E. HUNT, SERGEANT MATTHEW R. KIRKLAND,

CAPTAIN RYAN M. MARTINA, COLONEL GENE SPAULDING, EX-EXECUTIVE

DIRECTOR TERRY L. RHODES, EXECUTIVE DIRECTOR DAVE KERNER, FLORIDA

DEPARTMENT OF FINANCIAL SERVICES/DIVISION OF RISK MANAGEMENT, SCOTT

& WALLACE LLP, ROBERT SCOTT, J CLINT WALLACE, WILLIAMS & COLEMAN, P.A.,

JAMI A. COLEMEN, ESQ., (Collectively referred to as the "Defendants") and

alleges:

## JURISDICTIONAL STATEMENT

1.      This is a civil action for among other things, denial of due process, equal

protection of the law, discrimination based on race, conspiracy, fraud, fraud upon

the court, treason against the Constitution, negligence, wrongful death,

malpractice, breach of contract, breach of fiduciary duties and in retaliation for

asserting rights protected by the Civil Rights Act. This action is instituted pursuant

to the Civil Rights Act of 1871, 42 U.S.C. Section 1981, Section 1933, Section 1985

(3), The Civil Rights Act 1964, Title VI. The Civil Rights Act of 1991 and 18 U.S.C.

Section 241 and Section 242. Plaintiffs seeks injunctive and other equitable relief

including but not limited to compensatory and punitive damages.

2.      This is an action for damages exceeding $50,000.00, the minimum

jurisdictional amount for this court.

3.      The subject matter jurisdiction of this court is founded upon 28 U.S.C.

Section 1331, 1343, and 1367.

4.      This court has personal jurisdiction over the parties to this action as

"Plaintiffs, "and "Defendants" maintain their principal offices within and

"Plaintiffs" and "Defendants" reside within this division of the Northern District of

Florida.

5.      All conditions preceded to bring this action have been satisfied by Plaintiffs.

## PARTIES

6.      At all material time hereto Plaintiffs are Sui Juris and residents of Gadsden

and Leon Counties.

7.     Defendant Circuit Court of the Second Judicial Circuit is a state circuit court duly organized and existing under the laws of the state of Florida, and authorized to conduct Probate proceedings and civil proceedings with its principal place of business in the city of Quincy, Gadsden County, Florida.

8.     At all material time Defendant Chief Judge Frank Allman was and is the Chief Judge of the Circuit Court of the Second Judicial Circuit.

9.     Defendant, the First District Court of Appeal is an Appeals Court organized and existing under the laws of the State of Florida and authorized to review circuit court Final Judgments with its principal place of business in the city of Tallahassee, Leon County, Florida.

10.     At all material times Defendant Chief Judge Timothy Osterhaus was and is the Chief Judge of the First District Court of Appeal, Tallahassee, Leon County, Florida.

11.     At all material time Defendant Judge David Frank was and is the Probate Court and Civil Court Judge in the Court of the Second Judicial Circuit, Gadsden County, Florida.

12.    At all material times, Plaintiffs Otis Evans, Doris Enzor and Gloria Mickens ( Hereinafter referred to as Plaintiffs) were residents of Havana, Gadsden County, Florida.

13.    At all material times, the Defendants, Tyrec De'Shun Baker and Shun Lenard Baker are/were residents of Havana, Gadsden County, Florida.

14.    At all material times hereto, the Defendant Department of Florida Highway Patrol and Florida Department of Financial Services/Division of Risk Management (Hereinafter referred to as FHP) are governmental corporations duly organized and existing under the laws of the state of Florida and authorized to conduct homicide investigations with it principal place of business in the cities of Tallahassee, Havana etc. Leon, Gadsden counties, Florida.

15.    At all material times hereto, the Defendants, Trooper Dario Harris, Corporal Ernest E. Hunt, Sergeant Matthew R. Kirkland, Captain Ryan M. Martina, Colonel Gene Spaulding, Ex-Executive Director Terry L. Rhodes, Executive Director Dave Kerner and Florida Department of Financial Services/Division of Risk Management ( Hereinafter referred to as FHP )were/are employees and agents of the Department of the DMV and the Department of FHP and acting within the course and scope of their employment and agency.

16.    At all material times hereto, the Defendants Scott & Wallace LLP, is/was a law firm corporation/business duly organized and existing under the laws of the state of Florida and authorized to practice law with it principal place of business in the city of Tallahassee, Leon County, Florida.

17.    At all material times hereto, Defendants Robert Scott and J. Clint Wallace are/were employees/attorneys in the law firm of Scott & Wallace LLP acting within the course and scope of their employment/authority.

18.    At all material times hereto, Defendant Williams & Coleman P.A. is/was a law firm duly organized and existing under the laws of the State of Florida authorized to practice law with its principal place of business in the city of Tallahassee, Leon County, Florida.

19.    At all material times hereto, Defendant Jami A. Coleman was a probate attorney practicing law in the Williams & Coleman P.A. law firm and acting within the course and scope of her employment.

## GENERAL ALLEGATIONS

20.    On July 24, 2023, Plaintiffs Gloria Jean Mickens, Doris Enzor and Otis Evans, Sui Juris, living souls, attorneys in-fact filed a complaint that involved their own attorneys for fraud, conspiracy, malpractice, breach contract, breach of fiduciary

duty, fraud upon the court, theft, fraudulent conversion, organized fraud, scheme to defraud, Medicare and Medicaid fraud, false pretenses, forgery, fraudulent inducement, violations of the Wrongful Death Act, violation Florida Rule of probate procedure 5.030(a), violation of RICO, fraudulently invoked a probate proceeding to cover-up and conceal the murder, manslaughter and wrongful death of decedent Bobby Evans, fraudulently invoked the personal and subject matter jurisdiction of a probate proceeding, treason against the constitution to deprive Plaintiffs of due process, equal protection, redress, freedom of speech and representation.  As a matter of law, defendants are barred from denying that they fraudulently created and fabricated a BI RELEASE-SINGLE PERSON AGREEMENT AND SETTLEMENT STATEMENT that was fashioned to deprive Plaintiffs of all of their Constitutional and Civil Rights in this matter.(SEE EXHIBIT I )

21.     On October 23, 2023, Judge Frank without personal and subject matter jurisdiction dismissed Plaintiffs initial civil complaint.  As a matter of law, Judge Frank had been automatically disqualified because he conspired and agreed with the other defendants to conduct a fake/false/frivolous/fraudulent vexatious probate proceeding without personal and subject matter jurisdiction.

22.     Judge Frank repeatedly failed, refused, rejected or ignored Plaintiffs

requests and petitions for Judge Frank to recuse himself.  Plaintiffs requested

Defendant Judge Frank to appoint Gloria Jean Mickens or another family member

to be the new personal representative in place of Plaintiff Otis Evans in this

matter. Plaintiff Otis Evans' attorneys had fraudulently converted him from being

a personal representative into a fraudulent POWER OF ATTORNEY.  Judge Frank

and the other Defendants conspired and agreed to fraudulent convert Plaintiff

Otis Evans from a personal representative into a fraudulent POWER OF ATTORNEY

to deprive Plaintiffs of life, liberty and property without benefit of due process,

equal protection, redress, freedom of speech and representation.

23.     Without personal and subject matter jurisdiction, Judge Frank fraudulently

conducted a fake, frivolous, vexatious probate proceeding (1) to cover-up and

conceal the SCOTT, WALLACE, COLEMAN'S and their Law Firms' fraudulent BI

RELEASE-SINGLE PERSON AGREEMENT AND SETTLEMENT STATEMENT, (2) to

cover-up and conceal the FHP fraudulent Homicide Investigation Report UNDER

COLOR OF LAW and (3) to cover-up and conceal the murder/manslaughter and

wrongful death of Bobby Evans that was committed by Tyrec De' Shun Baker.

24.    Without personal and subject matter jurisdiction, Judge Frank fraudulently

presumed and assumed that Plaintiffs were PRO SE litigants, who were repeatedly

abusing the legal process.  Judge Frank treated Plaintiffs as if Plaintiffs were in-

competent, ignoramus, or some dead entity with NO Constitutional and Civil

Rights.  Plaintiffs are sui juris litigants, attorneys-in-fact, living souls who status is

well defined in Genesis 1:26 or 28 and 11, 7 Job: 21 and 22, Mathew 22:16.

Plaintiff's status is further defined in U.S. Code 8 Section 1101, 821-23 as State

Nationals. Plaintiffs designated and declared our status as sui juris, State

Nationals, but all of the Defendants have failed to acknowledge Plaintiffs self-

designated and declared status.

25.    Plaintiffs filed an Amended Complaint without retaining a second counsel

to file the Wrongful Death claim because the SCOTT & WALLACE and COLEMAN

defendants' fraud, malpractice, breach of contract, breach of fiduciary duties etc.,

had eradicated/eliminated Plaintiff Otis Evans status, authority, standing and

capacity as a personal representative.  Defendants SCOTT & WALLACE and

COLEMAN had fraudulently converted Plaintiff Otis Evans status, standing,

capacity and authority from a Personal Representative to the fraudulent status,

standing, capacity and authority of a POWER OF ATTORNEY.  Defendant Judge

Frank's Order of Discharge (SEE EXHIBIT II) of Plaintiff Otis Evans as a Personal

Representative was and is based on fraud, therefore the ORDER OF DISCHARGE is null and void Order. (SEE EXHIBIT II ). Judge Frank arbitrarily and capriciously imposed his fraudulent, null and void order to extricate himself and all the other defendants from their torts and crimes to Plaintiffs detriment.

26.    The SCOTT & WALLACE DEFENDANTS' fraudulent/fake/frivolous/false BI RELEASE-SINGLE PERSON AGREEMENT AND SETTLEMENT STATEMENT was not and is not a Wrongful Death Suit Settlement and it was not obtained based on Plaintiff Otis Evans' status, standing, capacity and authority as a Personal Representative. The BI RELEASE-SINGLE PERSON AGREEMENT AND SETTLEMENT STATEMENT was obtained based on Plaintiff Otis Evans fraudulent status, standing, authority and capacity as a fraudulent POWER OF ATTORNEY. The SCOTT & WALLACE DEFENDANTS fraudulently eradicated/eliminated Plaintiff Otis Evans status, standing, authority, and capacity as a Personal Representative including his status, standing, capacity and authority to retain a Wrongful Death attorney. Defendant SCOTT & WALLACE asserted that Plaintiff Otis Evans violated Pro Se rules and laws by failing to retain an attorney as the Personal Representative when it was their fraudulent actions and betrayal that made the retention of a wrongful death lawyer as a Personal Representative, impossible. Clearly, the SCOTT & WALLACE and COLEMAN Defendants conspired and agreed

to commit fraud, fraud upon the court, malpractice, breach of contract, breach of

fiduciary duties, organized fraud, scheme to defraud, fraudulent conversion,

forgery, false pretenses, violated the Wrongful Death Act, violated RICO,

committed professional negligence, committed treason against the Constitution

and other intentional misconduct against Plaintiffs.  Defendants SCOTT &

WALLACE and COLEMAN and their law firms betrayed, double-crossed, double

dealt, sold out, subverted and conspired against Plaintiffs to deprive Plaintiffs of

due process, equal protection of the laws, redress, free speech without retaliation

and representation.

27.    Defendant Judge Frank retaliated against Plaintiffs when he Dismissed

Plaintiffs first Amended Complaint with Prejudice (SEE EXHIBIT III) based on his

fraudulent misrepresentation that Plaintiffs "were trying to revive allegations and

claims that were rejected by the Probate court during lengthy litigation in CASE

NO.: 21-CP-506."  Defendant Judge Frank retaliated against Plaintiffs because

Plaintiffs revealed and exposed Defendants Judge Frank's wrongdoings in

Plaintiffs RESPONSE OPPOSITIONS AND OBJECTIONS TO DEFENDANTS SCOTT &

WALLACE LLP, ROBERT SCOTT AND J. CLINT WALLACE'S MOTION TO DISMISS

PLAINTIFFS' AMENDED COMPLAINT WITH PREJUDICE.

28.    Without personal and subject matter jurisdiction, Defendant Judge Frank
railroaded, demeaned, intimidated, threaten, embarrassed, harassed, humiliated
Plaintiff Evans in a fake, fraudulent and vexatious Probate proceeding.  Defendant
Judge Frank falsely presumed and asserted that Plaintiffs were Pro Se litigants to
deprive Plaintiffs of life, liberty and property in violation of due process, equal
protection, redress, free speech and representation.  Without personal and
subject matter jurisdiction and due process, Defendant Judge Frank misused and
abused his frivolous, vexatious, fraudulent probate proceeding to railroad,
intimidate, demean, degrade, humiliate, debase, embarrass and harass Plaintiffs
based on race.  Defendant Judge Frank lacked personal and subject matter
jurisdiction because he conducted a fake probate proceeding based on fraud and
failed to recuse himself in CASE No.: 21-CP-506 and CASE No.: 20-2023-CA-
000601-AXXXXXX.  Plaintiffs asserted that the probate court's personal and
subject matter jurisdiction could not be invoked based on a fraudulent BI
REELEASE-SINGLE PERSON AGREEMENT AND SETTLEMENT STATEMENT and could
not be invoked before Plaintiffs were given an opportunity to complete the
prosecution and litigation of a WRONGFUL DEATH law suit and other additional
claims and causes of action in a Civil Court with proper personal and subject
matter jurisdiction.  Plaintiffs' WRONGFUL DEATH claim and additional CIVIL

Claims were NOT prosecuted and litigated in the purported probate proceeding as Defendant Judge Frank FALSELY asserted.

29.    Florida Rules of Probate Procedure 5.030(a) require that every personal representative, unless the personal representative remains the sole interested person, shall be represented by an attorney admitted to practice in Florida. Defendants SCOTT, WALLACE, COLEMAN and their Law Firms conspired and agreed with each other and the other Defendants to fraudulently eradicate/eliminate Plaintiff Otis Evans status, standing, capacity and authority as a personal representative in violation of Florida Rule of Probate Procedure 5.030(a) via the Defendants SCOTT & WALLACE and their Law Firm fraudulent BI RELEASE SINGLE PERSON AGREEMENT AND SETTLEMENT STATEMENT. Defendants SCOTT, WALLACE, COLEMAN and their Law firms violated the Florida Rule of Probate Procedure 5.030(a) when they fraudulently converted Plaintiff Otis Evans status, standing, capacity and authority from a personal representative to the fraudulent status, standing, capacity and authority as a POWER OF ATTORNEY.  A fraudulent POWER OF ATTORNEY CANNOT retain an attorney to lawfully represent and file a wrongful death lawsuit on behalf of Plaintiffs and the Bobby Evans' estate pursuant to the Wrongful Act and Florida Rule of Probate Procedure 5.030(a).  A fraudulent POWER OF ATTORNEY has NO status, standing,

capacity and authority to invoke the personal and subject matter jurisdiction of a

probate proceeding.

30.    The Florida Rule of probate procedure 5.030(a) could not be applied

because Plaintiffs Otis Evans' attorneys fraudulently converted him from being a

personal representative into a fraudulent POWER OF ATTORNEY. Defendants

SCOTT & WALLACE and their Law Firm fraudulently eradicated/eliminated Plaintiff

Otis Evans' status, standing, capacity and authority as a personal representative.

Without personal and subject matter jurisdiction, Defendant Judge Frank

repeatedly failed and refused to appoint a new personal representative with

status, standing, capacity and authority to retain another attorney to file a

wrongful death lawsuit pursuant to the Wrongful Death Act and the Florida Rule

of Probate Procedure 5.030(a).

31.    Plaintiff Otis Evans who was fraudulently converted into a fraudulent

POWER OF ATTORNEY lacked status, standing, capacity and authority to file a

Petition for Discharge and to be granted an Order of Discharge as a personal

representative. Without personal and subject matter jurisdiction, Defendant

Judge Frank arbitrarily, capriciously, maliciously and fraudulently rejected

Plaintiffs oppositions and objections. Defendant Judge Frank fraudulently

misused and abused the legal process to deprive Plaintiffs of due process, equal

protection, redress, freedom of speech and representation to fraudulently cover-

up a murder/manslaughter and wrongful death.  Defendant Judge Frank was

disqualified as a matter of law and all of his rulings, decisions and orders are

fraudulent, null and void. (SEE EXHIBIT II).

32.    Plaintiffs has standing because the Defendants SCOTT, WALLACE, COLEMAN

and their Law Firms violations of the negative duties that attorneys owe all third

parties or beneficiaries, (1) the duty to not to embarrass, harrass or violate the

legal rights of a third party; (2) the duty to avoid making false or misleading

statements to third parties; (3) the duty not to advise a client to commit or assist

a client in committing a fraudulent, or criminal act against a third party; (4) the

duty to notify third parties who believe they are clients of the attorney that they

are not represented and are not in an attorney-client relationship with the

attorney.

33.    Plaintiff Otis Evans was appointed as the Personal Representative of the

Estate of Bobby Evans on January 5, 2022 in Gadsden County Case No.: 2021-CPA-

506.  On April 14, 2022, the Defendants SCOTT, WALLACE and COLEMAN

conspired and agreed with Defendants FHP, Bakers and Judge Frank to

fraudulently convert Plaintiff Otis Evans status, standing, authority and capacity from that of a Personal Representative into the fraudulent status, standing, authority and capacity of a POWER OF ATTORNEY.  The above Defendants conspired and agreed to deprive Plaintiffs of due process, equal protection, free speech, redress and representation.  The defendants conspired and agreed to commit fraud, fraud upon the court, malpractice, professional negligence, organize fraud, scheme to defraud, breach of contract, breach of fiduciary duties, breach of duty of care, breach of loyalty, forgery, false pretenses, Medicare and Medicaid fraud, violation of the Wrongful Death Act, violation of personal and subject matter jurisdiction, Treason against the Constitution and other intentional misconduct.  Defendant Judge Frank fashioned a fraudulent, vexatious probate proceeding, he erroneously presumed and assumed Plaintiffs as Pro se litigants who was repeatedly abusing the legal process.  All Defendants, including the District Court of Appeal of First District Florida judges have failed and ignored Plaintiffs' opposition and objections to be labeled and stigmatized as repeatedly abusive Pro Se litigants.  Clearly, the Defendants have used the erroneous Pro Se declaration/assertion to stigmatize and to deprive Plaintiffs of due process, equal protection, redress, free speech and representation.

34.    Plaintiff Otis Evans as of April 14, 2022 had no status, standing, capacity and authority as a Personal Representative.  Clearly, the defendants have conspired and agreed to deprive Plaintiffs of due process, equal protection, redress, free speech and representation from April 14, 2022 until this present day.  Defendant Judge Frank fraudulently fashioned a probate proceeding without personal and subject matter jurisdiction to railroad, intimidate, threaten, harass, degrade, demean, debase, humiliate, mortify and discriminate against Plaintiffs based on race.  All of Defendant Judge Franks' Orders are VOID AB INITIO because he lacked personal and subject matter jurisdiction.  A fraudulent POWER OF ATTORNEY could not invoke the personal and subject matter jurisdiction of a probate court. A fraudulent POWER OF ATTORNEY could not petition a purported probate court for an Order of discharge of a Personal Representative, especially when the personal representative has been fraudulently converted into a fraudulent POWER OF ATTORNEY.

35.    Defendants SCOTT, WALLACE, COLEMEN, FHP and BAKERS conspired and agreed with each other and with Defendant judge Frank to fraudulently remove liability and responsibility from all the defendants for their torts and crimes and fraudulently placed all the liability and responsibility on decedent BOBBY EVANS

and the Plaintiffs by fraudulently masquerading Plaintiff Otis Evans as a POWER OF ATTORNEY who was fraudulently converted from a Personal Representative.

36.    Defendants SCOTT, WALLACE, COLEMAN conspired and agreed with each other and with the other Defendants to fraudulently abort, abandon, avoid, circumvent filing and prosecuting a Wrongful Death law suit pursuant to the Wrongful Death Act in which they were retained and contracted to do.

37.    All the Defendants including the District Court of Appeal of First District have participated in the conspiracy to cover-up and conceal the MURDER or MANSLAUGHTER and WRONGFUL DEATH of decedent BOBBY EVANS that was committed by TYREC DE'SHUN BAKER.  Clearly, based on race and fraud the Defendants have conspired and agreed with each other to deprive Plaintiffs of due process, equal protection, redress, free speech and representation.

### COUNT I
### VIOLATIONS OF 42 U.S.C. SECTION 1981 AND 1983, 1964 CIVIL RIGHTS ACT, TITLE VI, 18 U.S.C.SECTION 241 AND 242
### DUE PROCESS

38.    This is a cause of action against all Defendants for violations under 42 U.S.C.

Section 1981 and Section 1983 and 18 U.S.C. Section 241 and 242 for unlawful

actions under Color of State Law in violation of the due process clause of the

Fourteenth Amendment to the United States Constitution.

39.    Plaintiffs re-allege and incorporate by reference the allegations in

paragraph 1-38.

40.    Defendants conspired and agreed to fabricate, 1) a fraudulent Homicide

Investigation Report; 2) a fraudulent BI RELEASE- SINGLE PERSON AGREEMENT

AND SETTLEMENT STATEMENT; 3) and Defendant Judge David Frank, without

personal and subject matter jurisdiction fraudulently conducted a frivolous/fake

vexatious probate proceeding to deprive Plaintiffs of due process, equal

protection, redress, freedom of speech and representation based on race.

41.    All of Defendant Judge Frank's rulings, decisions and orders were produced,

obtained and maintained by conspiracy, fraud, fraud upon the court, treason to

the Constitution, lack of personal and subject matter jurisdiction and other

intentional misconduct.

42.    All Defendants adopted Judge Frank's fraudulent, null and void orders to

deprive Plaintiffs of due process, equal protection, redress, freedom of speech

and representation.

43.    All Defendants conspired and agreed to stigmatize Plaintiffs as PRO SE

Litigants to deprive Plaintiffs of due process, equal protection, redress, freedom

of speech and representation.

44.    Defendants erroneously and fraudulently stigmatized Plaintiffs as repeated,

abusive PRO SE litigants to deprive Plaintiffs of due process, equal protection,

redress, freedom of speech and representation.

45.    Defendants conspired and agreed with each other and adopted Defendant

Judge Frank's fraudulent rulings, decisions and orders to deprive Plaintiffs of due

process, equal protection, redress, freedom of speech and representation.

46.    As a matter of law, Judge Frank's ruling, decisions and orders are

fraudulent, null and void and because his rulings, decisions and orders were

obtained and maintained without personal and subject matter jurisdiction.

47.    Plaintiffs have no adequate remedy at law and have been irreparable

injured and damaged.

WHEREFORE, Plaintiffs respectfully request the Court enter an order; a)

requiring all of Defendant Judge Frank's rulings, decisions and orders to be

declared null and void; b) declaring that Defendants have violated Plaintiffs Rights

under the Due Process Clause of the Fourteenth Amendment to the United States

Constitution and under 42 U.S.C. Section 1981 and 1983 and 18 U.S.C. Section 241

and 242 by conspiring under Color of Law to deprive Plaintiffs of Rights to a

Wrongful Death Suit pursuant to the Wrongful Death Act; c) requiring Defendants

to pay damages for mental anguish, loss of enjoyment and inconvenience; d)

requiring Defendants to pay punitive damages sufficient to properly penalize

Defendants for their misconduct and to deter such wrongdoing in the future; e)

awarding Plaintiffs their costs and such other relief against Defendants as this

Court deems to be just.

## COUNT 11

### VIOLATION OF 12 U.S.C. SECTION 1981 AND 1983, 1964 CIVIL RIGHTS ACT, TITLE VI, 18 U.S.C.SECTION 241 AND SECTION 242

### PROCEDURAL DUE PROCESS

48.    This is a cause of action under 42 U.S.C. Section 1981 and 1983, 18 U.S.C.

241 and 242 against Defendants for unlawful actions under Color of State Law in

violation of the Due Process Clause of the Fourteenth Amendment to the United

State Constitution.

49.    Defendant Judge David Frank, without personal and subject matter

jurisdiction orchestrated a fake/frivolous/false/fraudulent vexatious probate

proceeding and masqueraded Plaintiffs Otis Evans as a fraudulent personal

representative and power of attorney simultaneously.

50.    Defendants fraudulently converted Plaintiffs Otis Evans' status, standing, capacity and authority as a personal representative into the fraudulent status, standing, capacity and authority of a power of attorney.

51.    Plaintiff Otis Evans as a personal representative was an indispensable party to be able to conduct a valid probate proceeding and indispensable to invoke a Probate Court Judge personal and subject matter jurisdiction.

52.    Defendants masqueraded Plaintiff Otis Evans as a POWER OF ATTORNEY to deprived Plaintiffs of due process, equal protection, redress, freedom of speech and representation via Defendant Judge Frank's fraudulent probate proceeding, his null and void rulings, decisions and orders.

53.    Defendants in the name of Judge Frank, without personal and subject matter jurisdiction, fraudulently orchestrated a fake probate proceeding without a valid personal representative to deprive Plaintiffs of due process, equal protection, redress, freedom of speech and representation.

54.    If Defendants would had followed fundamental due process procedures then Defendants denial of due process, fraud, conspiracy, fraud upon the court and other intentional misconduct would have been precluded.

WHEREFORE, Plaintiffs respectfully request that the Court enter an order; a) declaring that Defendants violated Plaintiffs rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution and under 42 U.S.C. Section 1981 and 1983 by intentionally failing to declare Defendant Judge David Frank's ruling, decisions and orders to be fraudulent, therefore null and void and because Judge Frank fraudulently conducted a probate proceeding based on fraud, without personal and subject matter jurisdiction. A fake/fraudulent Power of Attorney CANNOT invoke the jurisdiction of a probate court judge; b) requiring that all of Defendant Judge Frank's rulings, decisions and orders be declared null and void; c) requiring that Defendants pay Plaintiffs for mental anguish, loss of enjoyment, and in-convenience; d) requiring Defendants pay punitive damages to Plaintiffs in an amount sufficient to properly penalize Defendants for their misconduct and to deter such wrongdoings in the future; e) that the relief requested herein be awarded against Defendants to the extent necessary to provide complete relief to Plaintiffs; f) awarding to Plaintiffs their costs and such other relief against Defendants as this Court deems to be just.

## COUNT III
## VIOLATION 0F 42 U.S.C. SECTION 1981 AND 1983, 1964 CIVIL RIGHTS ACT, TITLE

## VI, 18 U.S.C. SECTION 241 AND 242

## SUBSTANTIVE DUE PROCESS

55.    This is a cause under 42 U.S.C. Section 1981 and 1983 and 18 U.S.C. 241 and 242 against Defendants for unlawful actions under Color of Law in violation of state and federal law and in violation of the Due Process Clause of the Fourteenth Amendments to the United States Constitution.

56.    Plaintiffs re-allege and incorporates by reference the allegations in paragraphs 1-55.

57.    Defendants Circuit Court, Chief Judge Allman, First District Court of Appeal, Chief Judge Osterhaus and Judge Frank failed to exercise their jurisdiction to conduct a fundamental fair and impartial wrongful death action, additional civil claims and a fundamental fair and impartial probate court proceeding with proper personal and subject matter jurisdiction.

58.    In the person of Defendant Judge Frank, Defendants conspired and agreed with Defendants SCOTT, WALLACE, COLEMAN and their firms to create and fabricate a fraudulent BI RELEASE-SINGLE PERSON AGREEEMENT AND SETTLEMENT STATEMENT that was fashioned to deprive Plaintiffs of life, liberty and property interest in a wrongful death suit pursuant to the Wrongful Death Act

and the Florida Rules of Probate Procedures without benefit of due process, equal protection, redress, free speech and representation.

59.    Without personal and subject matter jurisdiction in the person of Defendant Judge Frank arbitrarily and capriciously presumed, assumed and designated or declared Plaintiff as PRO SE litigants without Plaintiffs consent to deprive Plaintiffs of due process, equal protection, redress, free speech and representation.

60.    Defendant Judge Frank's rulings, decisions and orders are null and void because of his fraud, fraud upon the court, conspiracy and lack of personal and subject matter jurisdiction.

61.    Defendants Circuit Court, Chief Judge Allman, First District Court of Appeal, Chief Judge Osterhaus and his (purported) panel of judges per curian ("PCA") affirmed all of Judge Frank's fraudulent null and void orders without due process, equal protection, redress, freedom of speech, representation, explanations, written findings and written opinions.

62.    Defendants Circuit Court, Chief Judge Allman, First District Court of Appeal, Chief Judge Osterhaus and the (purported) three judge panel denied all of

Plaintiffs filing without due process, equal protection, freedom of speech, representation, written findings and opinions.

63.    Defendants First District Court of Appeal established a pattern of denying all of Plaintiffs filings without explanations, without written findings, without written opinions and with Orders un-signed by a Judge(s).

64.    Defendant First District Court of Appeal Clerk of the Court failed or and prevented all documents filings from being review or deliberated by the (purported) three judge panel.  The record was incomplete for proper review by the Clerk of the Court for the three judge panel proper review.

65.    Defendants altogether failed to follow or apply these laws and procedures with respect to Plaintiffs, choosing instead to adopt Judge Frank's fraudulent null and void rulings, decisions and orders.

66.    Plaintiffs have been damaged by Defendants violation of Plaintiffs rights to due process.

WHEREFORE, Plaintiffs respectfully requests that the court enter an order and final judgment; a) declaring that Defendants have violated Plaintiffs rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution and under 42 U.S.C. Section 1981 and 1983 and 18 U.S.C. Section 241

and 242; b) requiring that Defendants pay damages to Plaintiffs for mental anguish; c) requiring that Defendants pay punitive damages to Plaintiffs in an amount sufficient to properly penalize Defendants for their misconduct and to deter such wrongdoing in the future; d) that the relief requested herein be awarded against Defendants to the extent necessary to provide complete relief to Plaintiff; e) awarding to Plaintiffs their cost and such other relief against Defendants as this Court deems to be just.

**COUNT IV**

**VIOLATION OF U.S.C. SECTION 1981 AND 1983, 1964 CIVIL RIGHTS ACT, TITLE VI, 18 U.S.C. SECTION 241 AND 242**

**EQUAL PROTECTION**

67.    This is a cause of action under 42 U.S.C. Section 1981 and 1983 and 18 U.S.C. Section 241 and 242 against Defendants for unlawful actions under Color of Law in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

68.    Plaintiffs re-allege and incorporates by reference the allegations in paragraph 1-66.

69.    Defendants have violated Plaintiffs right to equal protection by violating Plaintiffs rights to due process, equal protection, redress, freedom of speech, representation and Plaintiffs right to life, liberty and property in a wrongful Death,

fraud, conspiracy, malpractice, breach of contract and other additional claims for misconduct.

WHEREFORE, Plaintiffs respectfully request that the Court enter an order and final judgment; a) declaring that Defendants have violated Plaintiffs rights under the Equal Protection Clause of the Fourteenth Amendment To The United States Constitution and under 42 U.S.C. Section 1981 and 1983 and 18 U.S.C. Section 241 and 242 by; a) declaring that Plaintiffs had a clear and free right to file, prosecute and litigate a wrongful death lawsuit; b) requiring that Defendants pay punitive damages to Plaintiffs in the amount sufficient to properly penalize Defendants to the extent necessary to provide complete relief to Plaintiffs; c) awarding to Plaintiffs their cost and such other relief against Defendants as this Court deems to be just.

**COUNT V**

**VIOLATION OF CIVIL RIGHTS ACT 1964, 42 U.S.C SECTION 1981, 1983 AND 18 U.S.C. 241 AND 242**

**<u>DISCRIMINATION BASED ON RACE</u>**

70.    This is a cause of action against Defendants pursuant to the Civil Rights Act of 1964, 42 U.S.C. Section 1981 and 1983 and 18 U.S.C. 241 and 242.

71.    Plaintiffs re-allege and incorporates by reference the allegations in paragraph 1-69.

72.    Defendants under Color of Law fraudulently and systematically, based on race deprived Plaintiffs of due process, equal protection, redress, free speech, and representation.

73.    Defendants treated Plaintiffs different, disparate and unequal from similar situated Caucasians beneficiaries and survivors, based on race.

WHEREFORE, because Defendants have engaged in unlawful and intentional discrimination prohibited under the Civil Rights Act of 1964 and the Civil Rights Act of 1991.  Plaintiffs, respectfully invoke the remedial powers of the Court as provided in the Civil Rights Acts of 1964 and 1991 and prays; a) that Defendants be permanently enjoined from discriminating against Plaintiffs on the basis of race and any other basis forbidden by the Civil Rights Act 0f 1964 and 1991, b) that Defendants be ordered to compensate, reimburse and make whole Plaintiffs for all the lost benefits Plaintiffs would have but for Defendants illegal and unlawful actions, including but not limited to compensatory damages, punitive damages, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses; c) that the relief required herein be awarded against Defendants to the extent necessary to provide complete relief to Plaintiffs.

## COUNT VI

## VIOLATION OF 42 U.S.C. 1983, CIVIL RIGHTS ACT 1974 AND 1991, 42 U.S.C. SECTION 2000a, et seg AND 18U.S.C. 241 AND 242

## **RETALIATION**

74.     This is a cause of action against Defendants pursuant to the Civil Rights Act of 1964 and 1991, 42 U.S.C. Section 2000a, et seg.

75.     Defendants retaliated against Plaintiffs for reasons including but not limited to Plaintiffs objecting to relinquish our objections to Defendants Probate and Circuit Court Judge Frank's misrepresentations that Plaintiffs were PRO SE Litigants, that Plaintiff's "are simply trying to revive allegations and claims that were rejected by the probate court during lengthy litigation in Case No.: 21-CP-506, that Judge Frank lacked personal and subject matter jurisdiction to conduct a probate proceeding, that Defendant Judge Frank conducted a fake, false, frivolous, fraudulent, vexatious probate proceeding to cover-up and conceal the murder, manslaughter and wrongful death of decedent BOBBY EVANS, that Defendant Judge Frank conducted a fake, false, frivolous, fraudulent, vexatious probate proceeding to extricate Defendants SCOTT, WALLACE, COLEMAN and their firms, Defendants FHP, Defendant BAKERS from liability, accountability and responsibility for their murder/manslaughter, wrongful death, fraud, conspiracy,

malpractice and other intentional misconduct and to deprive Plaintiffs of due

process, equal protection, redress, freedom of speech and representation.

WHEREFORE, because Defendants have engaged in unlawful retaliatory actions

against Plaintiffs which are prohibited under the Civil Rights Act of 1964 and Civil

Rights Act of 1991, Plaintiffs respectfully invokes the remedial powers of the

Court as provided in the Civil Rights Act of 1964 and prays; a) that Defendants be

permanently enjoined from retaliating and discriminating against Plaintiffs on the

bases of race and any other basis forbidden by the Civil Rights Act of 1964; b) that

Defendants Probate Final Order ( Case No.: 21-CP-506) and Order to Dismiss

Plaintiffs Complaint with Prejudice in Case# 20-2023-CA-000601 be declared

invalid and be declared null and VOID; c) that Defendants be ordered to

compensate, reimburse, and make Plaintiffs whole for their illegal and unlawful

actions, including but not limited to compensatory damages, punitive damages,

emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of

life, and other non-pecuniary losses; d) that the relief requested herein be

awarded against Defendants to the extent necessary to provide complete relief to

Plaintiffs; e) that the court grants such additional equitable relief as is proper and

just; f) that the court award to Plaintiffs the cost and expenses of this action and

in accordance with 42 U.S.C. Section 2000a e.s (k). (SEE EXHIBIT III)

## COUNT VII

## VIOLATION OF 42 U.S.C. SECTION 1985 (3) CIVIL RIGHTS ACT OF 1964 AND 1991, TITLE VI, 42 U.S.C. SECTION 1981 AND SECTION 1983, 18 U.S.C. SECTION 241 AND 242

## <u>CONSPIRACY</u>

76.    Plaintiffs re-allege and incorporates by reference the allegations in

paragraph 1-75.

77.    Between January 5, 2023 and March 3, 2025, Defendants conspired and

agreed with each other to stigmatize Plaintiffs and violate Plaintiffs rights to due

process, equal protection, redress, freedom of speech and representation.  In

furthermore of their conspiracy, Defendants stated that Defendants were

affording and protecting Plaintiffs due process rights.

78.    Plaintiffs have suffered damages as a result of those violations committed

by Defendants in conspiracy with each other.

WHEREFORE, Plaintiffs respectfully request the Court enter an order and

final judgment; a) declaring that Defendants have violated Plaintiffs rights under

the United States Constitution and under 42 U.S.C. Section 1985(3), 42 U.S.C.

Section 1981 and 1983, the Civil Rights Acts of 1964 and 1991, and 18 U.S.C.

Section 241 and 242 by intentional discrimination by Defendants; b) requiring that

Defendants vacate all of Defendant Judge Frank's ruling, decisions and orders

because of Judge Frank's fraud, fraud upon the court, conspiracy, treason to the

Constitution and lack of personal and subject matter jurisdiction; c) requiring

Defendants to pay damages to Plaintiffs for mental anguish and punitive damages

in an amount sufficient to properly penalize Defendants for such misconduct and

to deter such wrongdoing in the future; d) awarding to Plaintiffs their costs and

such other relief against Defendants as the Court deems to be just.

**COUNT VIII**

**VIOLATION OF 42 U.S.C. SECTION 1983, CIVIL RIGHTS ACT 0F1964, TITLE VI AND
18 U.S.C. SECTION 241 AND 242**

**<u>FRAUD UPON THE COURT</u>**

79.     Plaintiffs re-allege and incorporates by reference the allegations I

paragraph 1-78.

80.     This is an action for Fraud upon the Court resulting in damages which

exceeds $15,000.00 against Defendants Circuit Court, Judge Frank, Chief Judge

Allman, First District Court of Appeals and Chief Judge Osterhaus, SCOTT,

WALLACE, COLEMAN and their law firms.

81.     Defendants, in the person of Judge Frank conspired and agreed with

Defendants Scott and Wallace to intentionally and willfully misrepresent that

Defendant Judge Frank's personal and subject matter jurisdiction for a Probate

Court Proceeding had been properly invoked.  Defendants Scott, Wallace and

Coleman fraudulently created a BI RELEASE- SINGLE PERSON AGREEMENT AND

SETTLEMENT STATEMENT that deprived the Probate Court of personal and

subject matter jurisdiction and deprived Plaintiffs of due process, equal

protection, free speech and representation.  Defendants Scott, Wallace, Coleman

and Judge Frank conspired and agreed with each other to use the fraudulent BI

RELEASE-SINGLE PERSON AGREEMENT AND SETTLEMENT STATEMENT to deprive

Plaintiffs of due process, equal protection, redress, freedom of speech and

representation in a fake/false/frivolous/fraudulent vexatious Probate Proceeding.

82.    Defendants intentionally and willfully misrepresented that Judge Frank's

Probate Court's personal and subject matter jurisdiction (Case # 21-CP-506) had

been invoked by a fake/false/fraudulent/frivolous POWER OF ATTORNEY that

lacked status, standing, capacity and authority.

83.    Defendants, in the person of Judge Frank fraudulently misrepresented that

Plaintiffs had litigated Plaintiffs' allegations and Civil Claims in the Probate case,

(Case # 21-CP-506).  Defendant Judge Frank, without personal and subject matter

jurisdiction and without due process, equal protection, redress, freedom of

speech and representation falsely asserted that Plaintiffs had litigated allegations

and civil claims in a purported Probate Proceeding.  (SEE EXHIBIT II).

84.    Defendants failed to acknowledge, accept or declare that all of Judge

Frank's rulings, decisions and orders are based on fraud and that he lacked

personal and subject matter jurisdiction in the purported/fake probate

proceeding.

85.    Defendants misrepresented Plaintiffs as PRO SE Litigants to deprive

Plaintiffs of due process, equal protection, redress, freedom of speech and

representation.

86.    Defendants intended to and did coerced and force Plaintiffs to rely on

Defendants fraudulent misrepresentations and Scott and Wallace fraudulent

misrepresentations asserted in their fraudulent BI RELEASE-SINGLE PERSON

AGREEMENT AND SETTLEMENT STATEMENT. (SEE EXHIBIT I).

87.    Because of defendants' trickery and Plaintiffs reliance on Defendants

fraudulent misrepresentations, fraudulent BI RELEASE – SINGLE PERSON

AGREEMENT AND STTLEMENT STATEMENT, and fraudulent Probate Proceeding,

Plaintiffs as of results of Defendants' fraud, conspiracy, malpractice, fraud upon

the court, Plaintiffs have suffered damages, including costs that exceed

$15,000.00.

88.     Plaintiffs intends to claim an entitlement to punitive damages and reserve

the right to request such damages after sufficient facts have been established on

the record.

WHEREFORE, Plaintiffs respectfully request the Court enter a judgment for

damages, interests and costs against Defendants Circuit Court, Circuit Court and

probate Judge Frank, Chief Judge Allman, First District Court of Appeals, Chief

Judge Osterhaus and the court's three judge panel.

## COUNT IX
### VIOLATION OF 42 U.S.C. 1983, CIVIL RIGHTS ACT 1964 AND 1991, 42 U.S.C. SECTION 200a, et seg., AND 18 U.S.C. 241 AND 242
### PERSONAL INJURIES NEGLIGENCE BY TYREC AND SHUN LENARD BAKER

89.     On or about November 3, 2021, decedent BOBBY EVANS was a pedestrian

traveling on County Road 12 wearing his bright orange safety jacket.  The

decedent successfully traveled the same trip on County Road 12 on a daily basis

over the past fifty years, plus.

90.     On November 3, 2021, Defendant SHUN LENARD BAKER owned a motor

vehicle, his son TYREC DE'SHUN BAKER operated said vehicle with the consent of

his father SHUN LENARD BAKER, on County Road 12 in Havana, Gadsden County,

Florida.

91.    On November 3, 2021, Defendant TYREC DE'SHUN BAKER, recklessly, gross negligently, carelessly and intentionally operated or maintained the motor vehicle so that it crashed into decedent BOBBY EVANS while traveling as a pedestrian on County Road 12 (Fairbanks Ferry Road), Gadsden County, Florida.

92.    As a result of the reckless, gross negligent, careless, intentional misconduct of TYREC AND SHUN BAKER, decedent BOBBY EVANS suffered bodily injuries and resulting in pain and suffering, disabilities, disfigurement, loss of capacity for enjoyment of life, expenses of hospitalization, medical and nursing care and treatments, loss of earnings, loss of ability to earn money and after nine days, loss of his life.

93.    Defendant TYREC BAKER crashed into decedent BOBBY EVANS without taking any precautions/cautions to avoid the crash.  On one hand, Defendant TYREC BAKER admitted that he failed to see the decedent.  He stated that "he did not see the decedent" and that he "did not know whether he had hit a trash can or a mailbox." On the other hand, Defendant Baker admitted that he saw decedent Bobby Evans. Defendant TYREC BAKER acts and omissions were reckless, gross negligent, careless and intentional.

WHEREFORE, Plaintiffs request judgment granting relief for out of pocket expenses, litigation expenses, loss of companionship, loss of guidance, loss of potential earning from decedent, mental pain and suffering, loss of protection, medical and funeral expenses, pre-judgment and post-judgment interest and all other damages and remedies this Honorable Court deems just.

## COUNT X

### VIOLATION OF 42 U.S.C. 1983, CIVIL RIGHTS ACT 1964 AND 1991, 42 U.S.C. SECTION 2000a, et seg AND 18 U.S.C. 241 AND 242

### WRONGFUL DEATH BY TYREC AND SHUN LENARD BAKER

94.    Plaintiffs hereby re-allege and incorporate herein the preceding paragraphs.

95.    Decedent BOBBY EVANS was crashed into and killed caused by the gross negligent, reckless, careless, willful and intentional acts of TYREC and SHUN LENARD BAKER.  On one hand, TYREC BAKER failed to exercise or take any precautions and cautions, he recklessly and gross negligently failed to see decedent BOBBY EVANS.  However, on the other hand, Defendant TYREC BAKER asserted that he did see decedent BOBBY EVANS.  Defendant Baker recklessly, carelessly, willfully, gross negligently and intentionally crashed into decedent BOBBY EVANS, which eventually led to the loss of his life.

96.    Defendant TYRECBAKER negligent and intentional crashed into decedent

BOBBY EVANS was the direct cause of Plaintiff injuries, damages and death.

97.    Plaintiffs/survivors/beneficiaries have suffered monetary injuries and

damages as a direct result of Defendants gross negligence, recklessness and

deliberate behavior that resulted in the death of decedent BOBBY EVANS.

98.    Defendants TYREC BAKER and SHUN BAKER had a reasonable duty of care

to see decedent BOBBY EVANS and to take reasonable and necessary precautions

and cautions to avoid crashing into decedent BOBBY EVANS.  Defendants TYREC

BAKER breached that reasonable standard of care when he failed to see decedent

BOBBY EVANS and by failing to take any precautions and cautions to avoid

crashing into decedent BOBBY EVANS.  Decedent BOBBY EVANS had traveled on

County Road 12 "Forward and Back", successfully on a daily basis for over fifty-

five years wearing his orange color vest or jacket.  A reasonable prudent person

would have seen him and taken pre-cautions and cautions to avoid crashing into

him.

WHEREFORE, the Plaintiffs request judgment granting relief for out of pocket

expenses, litigation expenses, loss of companionship, loss of guidance, loss of

potential earning from decedent, mental pain and suffering, loss of protection,

medical and funeral expenses. Pre-judgment and post judgment interest and all other damages and remedies this Honorable Court deems, just and equitable.

## COUNT XI

### VIOLATION OF 42 U.S.C. 1983, CIVIL RIGHTS ACT 1964 AND 1991, 42 U.S.C. SECTION 2000a, et seg AND 18 U.S.C. 241 AND 242

### NEGLIGENCE BY HARRIS, HUNT, KIRKLAND, MARTINA, SPAULDING, RHODES, KERNER, FLORIDA DEPAETMENT OF FINANCIAL SERVICES & FHP

99.    This is an action seeking relief for Negligence against Harris, Hunt, Kirkland, Martina, Spaulding, Rhodes, Kerner, FHP, and Department of Financial Services.

100.    Plaintiffs hereby re-allege and incorporate herein all preceding paragraphs.

101.    Defendants owed a reasonable duty of care to the decedent Bobby Evans, his Estate, his survivors/beneficiaries to protect Plaintiffs from injuries or damages resulting from Defendants negligence, misrepresentations, improper investigation, fraudulent and negligent application of Florida Statute 316,130(4) under Color of Law.  Defendants conspired and agreed with each other to fraudulently and negligently deprive decedent Bobby Evans, his estate and Plaintiffs of civil and criminal fair and impartial investigations, due process, equal protection, redress, freedom of speech and representation.

102.    Defendants breached their duty of care when they fraudulently and negligently misrepresented that decedent Bobby Evans was at fault and caused

his own death without affording Plaintiffs due process, equal protection, redress, freedom of speech and representation.

103.   Defendants breaches proximately damaged Plaintiffs, decedent Bobby Evans name and reputation, his estate.

104.   Plaintiffs suffered monetary damages caused by these breaches exceeding $15,000.00 including out of pocket expenses, mental anguish, suffering, loss of enjoyment, loss of convenience, etc.

WHEREFORE, Plaintiffs request judgment granting relief to the Plaintiffs, including fees, costs, punitive damages, pre-judgment and post judgment interests and all other damages and remedies this Honorable Court deems just and equitable.

## COUNT XII

### VIOLATION OF 42 U.S.C. 1983, CIVIL RIGHTS ACT 1964 AND 1991, 42 U.S.C. SECTION 2000a, et seg AND 18 U.S.C. 241 AND 242

### FRAUD BY HARRIS, HUNT, KIRKLAND, MARTINA, SPAULDING, RHODES, KERNER, FLORIDA DEPARTMENT OF FINANCIAL SERVICES AND FHP

105.   This is an action seeking relief for Fraud against Defendants HARRIS, HUNT, KIRKLAND, MARTINA, SPAULDING, RHODES, KERNER, FLORIDA DEPARTMENT OF FINANCIAL SERVICES AND FHP.

106.   Plaintiffs hereby re-allege and incorporate herein all proceeding

paragraphs.

107.   Defendants conspired and agreed with each other to make false statements

regarding material facts when they fraudulently asserted that decedent Bobby

Evans was at fault for his own death and his negligence caused his own injuries

and death.  Defendants conspired and agreed with each other to misrepresent

that decedent Bobby Evans violated Florida Statute 316.130 (4), Under Color of

Law and caused his own injuries and death.  Defendants conspired and agreed

with each other and with Defendants Scott and Wallace to cover-up and conceal

Tyrec Baker's murder/manslaughter and wrongful death of decedent Bobby

Evans.  Defendants FHP conspired and agreed with each other and with Attorneys

Scott and Wallace and their law firms to misrepresent that Defendants FHP had

conducted a proper fair and impartial homicide investigation.

108.   Defendants knew or should have known that their Homicide Investigation

Report was improper, false and their representations were negligent and false.

109.   Defendants FHP intended that the improper Homicide Investigation Report

and their misrepresentations would induce Plaintiffs to rely and to act upon them.

110.    Plaintiffs suffered damages in excess of $15,000.00 in justifiable reliance on

these representations.

WHEREFORE, Plaintiffs request judgment granting relief to Plaintiffs

including fees, costs, punitive damages, pre-judgment and post-judgment interest

and all other damages and remedies this Honorable Court deems just and

equitable.

## COUNT XIII
## VIOLATION OF 42 U.S.C. 1983, 1985(3), CIVIL RIGHTS ACT 1964 AND 1991, 42 U.S.C. SECTION 2000a, et seg AND 18 U.S.C. 241 AND 242
### CIVIL CONSPIRACY BY ALL DEFENDANTS

111.    This is an action seeking relief for civil conspiracy against all Defendants.

112.    Plaintiffs hereby re-allege and incorporate herein all preceding paragraph.

113.    A conspiracy existed between all Defendants to deprive Plaintiffs of due

process, equal protection, redress, freedom of speech and representation.

Defendants Scott and Wallace and their law firm conspired and agreed with each

other and with the other defendants to fraudulently create a

fake/false/fraudulent BI RELEASE-SINGLE PERSON AGREEMENT AND SETTLEMENT

STATEMENT; a) to fraudulently eradicate and eliminate Plaintiff Otis Evans as a

personal representative; b) to eradicate and eliminate the application of the

Wrongful Death Act and Florida Rule of Probate Procedure 5.030(a); c) to commit fraud, theft, conspiracy, fraud upon the court, forgery, false pretenses, fraudulent conversion, malpractice, breach of contract, breach of fiduciary duty, professional negligence, fraudulent induce, Medicare and Medicaid fraud, violation of 18 U.S.C. 241 and 242, 42 U.S.C. 1983 and 1985(3), violation of RICO and other intentional misconduct.

114.    The acts of the Defendants were unlawful or done by unlawful means.

115.    Defendants executed overt acts in pursuant of the conspiracy and caused Plaintiffs to suffer monetary damages exceeding $15,000.00 including out of pocket expenses, litigation expenses etc.'

WHEREFORE, Plaintiffs demand judgment granting relief to the Plaintiffs, fees, costs, punitive damages, pre-judgment and post-judgment interest and all other damages and remedies the Honorable Court deems just and equitable.

### COUNT XIV
### VIOLATION OF 42 U.S.C.1983, CIVIL RIGHTS ACT 1964 AND 1991, 42 U.S.C. SECTION 2000a et seg AND 18 U.S.C. 241 AND 242
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS BY ALL DEFENDANTS

116.   This is an action seeking relief for Intentional Infliction of Emotional Distress by all Defendants.

117.   Plaintiffs hereby re-alleges and incorporate herein all preceding paragraph.

118.   Defendants conduct were intentional and reckless.

119.   Defendants conduct were and have been outrageous.

120.   Defendants conduct caused emotional distress to Plaintiffs.

121.   Plaintiffs suffered severe emotional distress and economic losses including out of pocket expenses, loss of fees and costs and held under psychological duress etc.

WHEREFORE, Plaintiffs request judgment granting relief to the Plaintiffs including fees, costs, punitive damages, pre-judgment and post-judgment interest and all other damages and remedies this Honorable Court deems just and equitable.

### COUNT XV
### VIOLATION OF 42 U.S.C. CIVIL RIGHTS ACT 1964 AND 1991, 42 U.S.C. SECTION 2000a, et seg, AND 18 U.S.C. 241 AND 242
### FRAUD BY SCOTT, WALLACE, COLEMAN AND THEIR LAW FIRMS

122.   This is action against Defendants Scott, Wallace, Coleman and their law firms for fraud resulting in damages which exceed $15,000.00.

123.   Plaintiffs hereby re-allege and incorporate all preceding paragraphs.

124.   Defendants Scott, Wallace, Coleman and their law firms conspired and agreed with each other and the other Defendants to intentionally and willfully misstate, fabricate and misrepresent the nature of their fraudulent PRE-SUIT BI RELEASE-SINGLE PERSON AGREEMENT AND SETTLEMENT STATEMENT signed by Plaintiff Otis Evans on April 14, 2022.

125.   On April 14, 2022, Defendants fraudulently induced Plaintiffs Otis Evans into executing and implementing their fraudulent BI RELEASE-SINGLE PERSON AGREEMENT AND SETTLEMENT STATEMENT as the basis for invoking the Probate Court' personal and subject matter jurisdiction.

126.   On April 14, 2022, Defendants fraudulently created the false impression that Plaintiff Otis Evans was a POWER OF ATTORNEY with status, standing, capacity and authority to execute, implement and enforce the fraudulent BI RELEASE SINGLE PERSON AGREEMENT AND SETTLEMENT STATEMENT in a purported Probate Proceeding.

127.   Defendants Scott, Wallace, Coleman and their law firms intended to and in fact did gain Plaintiff Otis Evans reliance on all of the fraudulent

misrepresentations misstated in the fraudulent BI RELEASE-SINGLE PERSON
AGREEMENT AND SETTLEMENT STATEMENT.

128.    Because of Plaintiff Otis Evans' reliance on the Defendants fraudulent
misrepresentations and other intentional misconduct and Defendants knew that
their fraudulent BI REASE-SINGLE PERSON AGREEMENT AND SETTTLEMENT
STATEMENT was false, improper and to Plaintiffs detriment.  As a result of
Defendants' fraud, Plaintiffs have suffered damages, including fees and cost
exceeding $15,000.00.

129.    Plaintiffs intends to claim an entitlement to punitive damages and reserve
the right to request such damages after sufficient facts have been established on
the record.

WHEREFORE, Plaintiffs request the court enter a judgment for damages,
interests and cost against Defendants for fraud.

## COUNT XVI
### 42 U.S.C. SECTION 1981 AND 1983, CIVIL RIGHTS ACT 1964 AND 1991, 42 U.S.C. SECTION 2000a, et seg AND 18 US.C. 241 AND 242
### BREACH OF CONTRACT

130.    This is an action for damages which exceed $15,000.00.

131.    Plaintiffs re-allege all preceding paragraphs.

132.    On or about November 3, 2021, Plaintiff Otis Evans entered into an

Attorney's Employment Agreement with the SCOTT & WALLACE law firm to file a

WRONGFUL DEATH lawsuit pursuant to the WRONGFUL DEATH ACT.

133.    Plaintiff performed all conditions precedent by the Plaintiffs under the

contract documented conditions.

134.    Defendants ROBERT SCOTT AND J. CLINT WALLACE and their law firm did

not perform the contract pursuant to the Attorney's Employment Agreement.

135.    Defendants Scott and Wallace breached and aborted their Attorney's

Employment Agreement by committing fraud, conspiracy, malpractice, breach of

contract, breach of fiduciary duty, fraudulent conversion and other intentional

acts of misconduct.

136.    Defendants Scott and Wallace aborted the contract and fraudulently

created and fabricated a false, frivolous, fake BI RELEASE-SINGLE PERSON

AGREEMENT AND SETTLEMENT STATEMENT: a) to fraudulently deprive Plaintiffs

of a Wrongful Death lawsuit; b) to deprive Plaintiffs of due process, equal

protection, redress, freedom of speech and representation; c) to fraudulently

transfer all the liability, accountability and responsibility to decedent BOBBY

EVANS and the Plaintiffs; d) to fraudulently extricate all the Defendants from their

torts and crimes including Defendant Circuit Court , Chief Judge Allman, Probate and Circuit Court Judge Frank, First District Court of Appeal, Chief Judge Osterhaus and the purported three judge panel and to cover-up and conceal the murder/manslaughter and wrongful death of decedent Bobby Evans.

137.    Defendants SCOTT AND WALLACE and their law firms breached their fiduciary duties and conspired and agreed with all the other Defendants to commit fraud and deprive Plaintiffs of due process, equal protection, redress, freedom of speech and representation.

138.    Defendants SCOTT AND WALLACE conspired and agreed with the other Defendants to fraudulently designate or declare Plaintiffs as repeatedly abusive PRO SE litigants over Plaintiffs objections so that the Defendants Circuit Court, Chief Judge Allman, Probate and Circuit Court Judge Frank, First District Court, Chief Judge Osterhaus and the purported three judge panel would declare Plaintiffs filings as frivolous.  Plaintiffs declare that we are constitutional Sui Juris living souls, Attorney –fact litigants, NOT PRO SE litigants.  Plaintiffs have NOT violated or abused any court rules.

139.    Defendants SCOTT AND WALLACE designed and orchestrated the conspiracy with fraudulent BI RELEASE-SINGLE PERSON AND SETTLEMENT

STATEMENT and all the other Defendants accepted it and followed it including

Defendants First District Court of Appeal and the Circuit Court and their judges.

WHEREFORE, Plaintiff demand judgment for compensatory and punitive damages,

interests and cost against all the Defendants for conspiring and agreeing to

deprive Plaintiffs of due process, equal protection, free speech, redress,

representation and breached Plaintiff(s) contract.(SEE EXHIBIT IV)

## COUNT XVII

### VIOLATION OF 42 U.S.C. SECTION 1983, 1964 CIVIL RIGHTS ACT, TITLE VI, CIVIL RIGHTS ACT OF 1991, 18 U.S.C. SECTION 241 AND 242

### BREACH OF FIDUCIARY DUTY

140.    This is an action for Breach of Fiduciary Duties against Defendants Scott,

Wallace, Coleman and their law firms that exceeds $15,000.00 in value.

141.    Plaintiffs re-alleges all preceding paragraphs.

142.    Defendants had an Attorney-Client relationship that Defendants owed

Plaintiffs a duty to act properly, legally and lawfully and a duty to handle Plaintiffs

matter with undivided loyalty.

143.    Defendants breached their fiduciary duties when they failed to represent

Plaintiffs' properly, legally, lawfully and with undivided loyalty as required by their

Attorney Employment Agreement.

144.   Defendants fraudulently created a fraudulent BI RELEASE-SINGLE PERSON

AGREEMENT AND SETTLEMENT STATEMENT that is the epitome of Treason

against the Constitution, fraud conspiracy, fraud upon the court, fraudulent

conversion, false pretenses, organize fraud, scheme to defraud etc. and the

deprivation of Plaintiffs rights to due process, equal protection, redress, freedom

of speech and representation.

145.   Defendants torts and crimes caused Plaintiffs to lose damages from a

wrongful death suit pursuant to the wrongful death act.

WHEREFORE, Plaintiffs demand judgment for damages including punitive

damages against the Defendants Scott and Wallace and their law firm.

## COUNT XVIII
### VIOLATION OF 42 U.S.C. CIVIL RIGHTS ACT 1964 AND 1991, 42 U.S.C. SECTION 2000a et seg AND 18 U.S.C. 241 AND 242
### MALPRACTICE BY SCOTT, WALLACE, COLEMAN AND THEIR LAW FIRMS

146.   This is an action seeking damages for Malpractice against SCOTT, WALLACE,

COLLMAN, and their LAW FIRMS.

147.   Defendants owed Plaintiff a duty based on Plaintiff OTIS EVANS

employment Attorney -- Client relationship agreements.

148.   Defendants were acting as Attorneys for Plaintiff OTIS EVANS, the

appointed personal representative, on behalf of the beneficiaries pursuant to an

Attorney's Employment Agreement and based on a contingency fee. Defendants

Scott, Wallace and Coleman had a duty to act properly. Defendants breached

their duty to preform legally and act properly.

149.   Defendant's Scott, Wallace and Coleman breached the employment

contract agreement, their conduct were improper, fraudulent and negligent.

Defendants Scott and Wallace failed to file, prosecute and litigate a personal

injury negligent and wrongful death claims and causes of actions on plaintiff

OTTIS EVANS, and the beneficiaries' behalf as promised in their employment

contract contingency agreement and pursuant to F.S. Section 768.20.

150.   Defendants breached their duty when they failed to devote their full

professional ability and resources of their firm to file, prosecute and litigate

Personal Injury Negligent and Wrongful Death claims and causes of actions up to

and including an appeal if necessary arising out of decedent BOBBY EVANS

injuries and his loss of life occurring on or about November 3-11, 2021.

151.   Defendants failed to investigate, collect evidence, depose witness, draft

and file court papers, failed to research legal issue as necessary and present

Plaintiffs in a manner designed to maximize Plaintiffs recovery. In essence,

Defendants failed to obtain a full, fair, just, or lawful recovery. Defendant's

conspired and agreed with each other to fraudulent induce Plaintiff Otis Evans,

the personal representative into signing a fraudulent BI RELEASE SINGLE PERSON

AGREEMENT under the false pretense of a POWER OF ATTORNEY to deprive

Plaintiffs of due process, equal protection, redress, free speech and

representation.

152.   As a result of Defendants' breach of contract, breach of duty, fraud,

negligence and willful misconduct, Plaintiffs/survivors/beneficiaries, have

suffered damages that exceed $15,000.00.

153.   As a result of Defendants Malpractice, Breach of Contract, Negligence and

Fraud, Plaintiffs are entitled to a reasonable reimbursement of fees and cost, out

of pocket expenses, compensatory and punitive damages and other fees and cost

associated with this action. (SEE EXHIBIT I - V)

       WHEREFORE, Plaintiffs demand judgment for damages, interest, fees and

cost against the Defendants Scott, Wallace, Coleman and their law firms.

       Respectfully submitted this 5th day of March 2025.

Otis Evans, Sui Juris

Gloria Evans Mickens, Sui Juris

Doris Enzor, Sui Juris

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that the foregoing document has been furnisher via

U.S. mail to Brian Chojnowski, 215 S. Monroe Street, 2nd Floor Suite 200,

Tallahassee, Florida 32301, Clarissa Jimenez, Esq., Senior Assistant Attorney

General, Office of the Attorney General, The Capitol- Suite PL 01, Tallahassee,

Florida 32399-150, Jami A. Coleman, 2898 Mahan Drive, Suite 4, Tallahassee,

Florida 32308, Jared R. Brownfield, Kubicki Draper, P.A., 1705 Metropolitan Blvd

Suite 202, Tallahassee, Florida 32308, First District Court of Appeal, Chief Judge

Timothy D. Osterhaus, 2000 Drayton Drive, Tallahassee, Florida 32399-0950,

Circuit Court of 2nd Judicial Circuit, Chief Judge David Allman, 10 East Jefferson

Street, Quincy, Florida 32351, and Circuit Court of 2nd Judicial District Judge David

Frank, 10 East Jefferson Street, Quincy, Florida 32352 on this _5th_ day of

March 2025.

Otis Evans, Sui Juris, 257 Bermuda Road, Tallahassee, FL 32312

Gloria Evans Mickens, Sui Juris, 5052 Spanish Oaks Blvd, Lakeland, FL 33805

Doris Enzor, Sui Juris, 50 Sheline Drive, Havana, FL 32333

# BI RELEASE-SINGLE PERSON

Claim Number: 0516624800101184

Adjuster Code: JOHN

FOR AND IN CONSIDERATION of Twenty Thousand Dollars ( $ 20,000.00 ), the receipt and sufficiency of which is acknowledged, the undersigned, Otis Evans, as Power of Attorney to Bobby Evans, hereby releases and forever discharges Shan Lenard Baker and Tyrec Baker, from any and all claims, demands, damages, actions, causes of action, or suits of any kind or nature whatsoever, on account of all injuries and damages, known and unknown, which have resulted or may in the future develop as a consequence of a motor vehicle accident that occurred at Gadsden county, Florida on or about the 3rd of November , 2021.

1. The undersigned is competent, over the age of eighteen (18) and has authority to execute this document. The undersigned declares that the terms of this settlement have been completely read, understood and voluntarily accepted for the express purpose of releasing forever any and all claims arising out of the above accident and arising out of the terms of this settlement;

2. The undersigned is responsible for satisfaction of any and all claims, costs, obligations and liens of any kind, arising out of the accident described above;

3. The undersigned agrees to execute and return this Release, and to execute and file with the Clerk of the Court a Notice of Voluntary Dismissal, with prejudice, if a lawsuit has been filed;

4. The undersigned hereby declares that no additional promise, inducement, representation or agreement, not contained in this document, has been made to the undersigned or to their representative, that this Release contains the entire agreement between the parties to this Release, and that the terms of this Release are contractual and not a mere recital. Each party shall bear their own costs and attorney fees, if any;

5. It is expressly understood, notwithstanding any language to the contrary, that this Release does not in any way impair or infringe on the right of the Releasor to continue to receive any and all benefits to which he/she may be entitled under any other existing health, accident, disability, or similar plan or policy held by any company. This Release does not purport to release any such provider of these benefits. The undersigned specifically reserves the right to pursue claims for injuries and damages against any other persons or entities not a party to this Release, arising out of the incident described above.

Any person who knowingly and with intent to injure, defraud, or deceive any insurer, files a statement of claim or an application containing any false, incomplete, or misleading information is guilty of a felony of the third degree.

_____

OTIS EVANS, as Power of Attorney to Bobby Evans, an unmarried person, or a married person whose spouse brings no claim for consortium

STATE OF FLORIDA;
COUNTY OF Leon

On the 14th day of April, 2022 before me personally appeared Otis Evans who voluntarily executed this document, under oath. Document produced: DL ; or _____ personally known

_____
(Print, Type, or Stamp Name of Notary Public)

My Commission Expires:_____

LISA GROVES
Notary Public – State of Florida
Commission # HH 39600
My Comm. Expires Sep 3, 2024
Bonded through National Notary Assn.

"EXHIBIT" I

04/13

Sensitivity: Confidential



## SETTLEMENT STATEMENT

### Estate of Bobby Evans c/o Otis Evans
### Motor Vehicle Accident
### November 3, 2021

| Description | Amount |
|---|---|
| **TOTAL SETTLEMENT** | **$25,000.00** |
| Bodily Injury Settlement | $20,000.00 |
| Death Benefit Payment | $5,000.00 |
| | |
| **LEGAL FEES** | |
| Legal Fees (33 1/3% of Settlement) | -$8,333.33 |
| | |
| **LIENS** | |
| All claimed creditor liens will be reviewed, negotiated and satisfied as part of the probate case by Jami Coleman, Esq., probate attorney for the Estate of Bobby Evans. | |

### EXPENSES

| | | | |
|---|---|---|---|
| 11/4/21 | Certified Mail Medicare | $ | 4.48 |
| 11/4/21 | Certified Mail Medicaid | $ | 4.48 |
| 12/7/21 | Probate Matter- Jami Coleman | $ | 3,000.00 |

| | |
|---|---|
| **Total Expenses** | -$3,008.96 |
| | |
| **Probate Distribution** | **$13,657.71** |

Otis Evans

4/14/2022
Date

Robert Scott
Clint Wallace
SCOTT & WALLACE LLP

4/14/22
Date

By signing this settlement statement, client hereby acknowledges receipt of client's net settlement proceeds. By signing this settlement statement, client hereby acknowledges that client has had an opportunity to review this statement, to inquire about any and all fees, costs, liens, or any other items represented on the statement, and the above statement completely and accurately reflects the distribution of the client's settlement funds. Specifically, client attests that the above lienholders represent the only lienholders disclosed to Scott & Wallace LLP and are the only potential lienholders in this matter. Client further attests that these funds are properly distributed directly to client and client is not engaged in any bankruptcy proceeding(s), client does not owe nor does client believe he/she may owe any back child support, and client has not advised Scott & Wallace LLP of any other potential party who may have a superior right to client's net settlement proceeds. Client hereby acknowledges that payment of any and all outstanding balances for medical treatment, liens, or related expenses obtained as a result of injuries sustained in this accident is the sole responsibility of the client, as are any other financial obligations that may be related to the subject accident and settlement regardless of when they were or may be incurred. Finally, client has been instructed that only a copy of the employment agreement signed by client to retain Scott & Wallace LLP for the matter herein concerned and a copy of the executed distribution statement will be retained by Scott & Wallace LLP. Client has been informed that all other file materials will be destroyed upon execution of this distribution statement. By signing this statement, client acknowledges that client was given an opportunity to inspect or otherwise take possession of any file materials and that Scott & Wallace LLP will be destroying all other file materials not taken by client.

By signing this settlement statement, client further agrees and acknowledges that client was presented with and then subsequently signed any release required to consummate settlement of client's claim(s). Client agrees and acknowledges that client had an opportunity to review and read the release, ask any questions of the attorneys regarding the language of the release, and, if applicable, was advised of any confidentiality agreement regarding the settlement and the amount paid. Client agrees and was advised that violation of any applicable confidentiality agreement could result in severe financial penalties to client, including, but not limited to the payment of attorneys' fees and costs, liquidated damages, or forfeiture of settlement proceeds.

Filing # 157014438 E-Filed 09/08/2022 02:43:01 PM

## IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT
## IN AND FOR GADSDEN COUNTY, FLORIDA

IN RE:  ESTATE OF

**File No.  2021-CPA-506**

**BOBBY EVANS,**
**Deceased.**

### ORDER OF DISCHARGE
### (single personal representative)

On the Petition for Discharge of Otis Evans, as personal representative of the estate of BOBBY EVANS, deceased, the court finding that the estate has been fully administered and properly distributed, that claims of creditors have been paid or otherwise disposed of, that the tax imposed by Florida Statutes Chapter 198, if any, has been paid, and that the personal representative should be discharged, it therefore is

ADJUDGED that the personal representative is discharged, and the surety on the personal representative's bond, if any, is released from further liability.

ORDERED in Quincy, Gadsden County, Florida.

506-AXXX-XX 09/08/20

David Frank, Circuit Jut
20-2021-CP-000506-AXXX-XX 09/08/2022 02:40:04 PM

"EXHIBIT" II

Gadsden County, Florida

Clerk of the Circuit Court

Clerk of the County Court

Clerk to the Board of County Commissioners
County Recorder
County Auditor

Otis Evans
257 Bermuda Road
Tallahassee, FL 32312

RE: Estate of Bobby Evans

Mr. Evans:

The estate of Bobby Evans was discharged on October 17, 2022. There have been several pleadings filed since the closure of this case. Based on the last petition filed (April 3, 2023), this case should be re-opened (with the required fee of $50). If you are acting without legal representation, you should forward your proposed orders on your pleadings/petitions directly to the Judicial Assistant, otherwise your attorney of record should be notified.

If you have any questions or concerns, please contact our office at your convenience.

Thank you

Cynthia R Daniels
Deputy Clerk





"EXHIBIT" IV

Filing # 187087879 E-Filed 11/30/2023 01:22:34 PM

OFFICIAL RECORDS: 1 of 3
Book: 942 Page: 1671

GADSDEN COUNTY NICHOLAS THOMAS
Instrument: 230008626 Recorded: 12/01/2023 9:44 AM

## IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT
## IN AND FOR GADSDEN COUNTY, FLORIDA

OTIS EVANS,
    Plaintiff,

VS.

20-2023-CA-000601-AXXX-XX

DEPARTMENT OF FLORIDA
HIGHWAY PATROL, ET AL.,
    Defendants.

_____/

## ORDER GRANTING MOTIONS TO DISMISS WITH PREJUDICE AND CLOSING CASE

This cause came before the Court on defendants' motions to dismiss the amended complaint, and the Court having reviewed the motions, the response, and the court file, and being otherwise fully advised in the premises, finds

It is now clear from the plaintiff's response to the current round of motions to dismiss that plaintiffs are simply trying to revive allegations and claims that were rejected by the probate court during lengthy litigation in Case No. 21-CP-506.

"There is simply a point in litigation when defendants are entitled to be relieved from the time, effort, energy, and expense of defending themselves against seemingly vexatious claims." *DJB Rentals, LLC v. City of Largo*, 48 Fla. L. Weekly D2131 (Fla. 2d DCA Nov. 3, 2023), citing *Kohn v. City of Miami Beach*, 611 So.2d 538, 539 (Fla. 3d DCA 1992).

The plaintiff has failed to set forth any valid claims for relief, has violated the rules governing pro se litigants, and has been abusively robbing the limited resources of the Court from other parties with valid pending actions. In sum, the plaintiff has now become a vexatious litigant who has hampered the administration of justice in this County. As our First District instructs us:

Therefore, when necessary to ensure the timely review of other parties' legitimate filings and to conserve the judiciary's limited resources, a court has

Page 1 of 3

"EXHIBIT" III

OFFICIAL RECORDS: 2 of 3
Book: 942 Page: 1672

the "inherent authority" to sanction an abusive litigant. Tate v. State, 32 So. 3d 657, 658 (Fla. 1st DCA 2010). Indeed, it is the court's duty to do so. Golden v. Buss, 60 So. 3d 461, 462 (Fla. 1st DCA 2011) ("It is well-settled that courts have the inherent authority and duty to limit abuses of the judicial process by pro se litigants."). Under this inherent authority, a court may bar a litigant from appearing pro se when the litigant's "frivolous or excessive filings interfere with timely administration of justice." Ardis v. Pensacola State Coll., 128 So. 3d 260, 264 (Fla. 1st DCA 2013); see, e.g., Lussy v. Fourth Dist. Court of Appeal, 828 So. 2d 1026, 1027–28 (Fla. 2002) (directing the clerk to "reject any civil filings from Lussy unless signed by a member of The Florida Bar" in a case where the appellant "repeatedly filed lawsuits that included personal attacks on judges," abused the judicial process with his "constant filings," and had a history of meritless lawsuits in another state and federal court)....

*Clark v. Baney*, 355 So.3d 976, 978 (Fla. 1st DCA 2023).

Plaintiff mistakenly believes that his pro se status permits him to file multiple frivolous actions and motions and to ignore the rules of procedure. Not so. "...[I]t is a mistake to hold a pro se litigant to a lesser standard than a reasonably competent attorney. *Namon v. Namon*, 366 So.3d 1153 (Fla. 3d DCA 2023), reh'g denied (May 12, 2023), citing 611 So.2d 538 at 539.

The Court also will address the merits of the present action and motions. In reviewing the complaint, the court must draw all inferences in favor of the pleader. *Newberry Square Fla. Laundromat, LLC v. Jim's Coin Laundry & Dry Cleaners, Inc.*, 296 So.3d 584, 589 (Fla. 1st DCA 2020). Doing so here, it is clear that the allegations are insufficient to state a cause of action, and not conducive to further amendment. Furthermore, the plaintiff lacks standing.

Accordingly, it is ORDERED and ADJUDGED that

1. The motions to dismiss are GRANTED. This case is DISMISSED WITH PREJUDICE.

2. The Clerk will close the case.

3. The plaintiff is warned that any further frivolous filings will result in sanctions, to include being barred from filing pro se any paper in the courts of this County

DONE in Quincy, Gadsden County, Florida.

David Frank, Circuit Jdg
20-2023-CA-000601-AXXX-XX 11/30/2023 01:22:28 PM

CERTIFIED A TRUE COPY
NICHOLAS THOMAS, CLERK OF CIRCUIT COURT
GADSDEN COUNTY FLORIDA
BY _____
DEPUTY CLERK

Page 3 of 3

# Scott & Wallace

### Attorneys' Employment Agreement

It is important to set out in writing what "we" Scott & Wallace LLP and "you" the client, or guardian for the client, can expect from each other. Please read this document carefully. It may control the distribution of a significant amount of money.

We will devote the full professional ability and resources of the firm to your claim for damages arising out of your injury or loss occurring on or about _____11/03/2021_____, up to and including an appeal, if necessary.

We will investigate, draft and file court papers, research legal issues as necessary and present your claim in a manner designed to maximize your recovery.

_____

### 1.    CONTINGENT FEE

For such professional services you agree to pay an attorneys' fee as set forth below of the total amount recovered, whether by settlement, suit, or claims bill:

a.    Before the filing of an answer or the demand for appointment of arbitrators or, if no answer is filed or no demand for appointment of arbitrators is made, the expiration of the time period provided for such action:

    1.    33 1/3% of any recovery up to $1 million; plus
    2.    30% of any portion of the recovery between $1 million and $2 million; plus
    3.    20% of any portion of the recovery exceeding $2 million.

b.    After the filing of an answer or the demand for appointment of arbitrators or, if no answer is filed or no demand for appointment of arbitrators is made, the expiration of the time period provided for such action, through the entry of judgment:

            40% of any recovery up to $1 million; plus
            30% of any portion of the recovery between $1 million and $2 million; plus
            20% of any portion of the recovery exceeding $2 million.

c.    If the defendant admits liability at the time of filing their answers and request a trial only on damages:

            33 1/3% of any recovery up to $1 million; plus
            20% of any portion of the recovery between $1 million and $2 million; plus
            15% of any portion of the recovery exceeding $2 million.

d.    An additional 5% of any recovery after notice of any appellate proceeding is filed or post-judgment relief or action is required for recovery on the judgment.

"EXHIBIT" III