UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

GLORIA EVANS MICKENS, *et al.*,

    Plaintiffs,

v.                                             Case No. 4:25-cv-102-AW/MJF

CIRCUIT COURT SECOND
JUDICIAL CIRCUIT, *et al.*,

    Defendants.
_____/

## FIRST REPORT AND RECOMMENDATION

In this civil action, the three Plaintiffs assert claims based on: (1) the death of Bobby Evans; (2) the probate proceeding for the Estate of Bobby Evans; and (3) a wrongful death suit brought in a Florida court. Plaintiffs are suing twenty defendants, including two Florida courts and three Florida judges. These five Defendants filed motions to dismiss. Docs. 16, 17, 21. Plaintiffs oppose the motions. Docs. 27, 28, 29. Regarding these five Defendants, Plaintiffs fail to state a claim on which relief can be granted. The District Court, therefore, should grant the five Defendants' motions to dismiss.

## I. BACKGROUND

**A.     The Undersigned Ordered Plaintiffs to Correct Deficiencies**

On March 5, 2025, Plaintiffs commenced this civil action with a complaint that was a quintessential "shotgun pleading." Doc. 1. Because Plaintiffs' initial complaint suffered from obvious deficiencies, the undersigned struck the complaint and ordered Plaintiffs to file an amended complaint. Doc. 4. The undersigned provided Plaintiffs with specific instructions to ensure that Plaintiffs corrected the many deficiencies of their initial complaint, all to no avail. *Id.* at 9–10.

**B.     Plaintiffs' Amended Complaint**

On March 24, 2025, Plaintiffs filed their amended complaint. Doc. 6. Plaintiffs assert claims against twenty Defendants, including:

(1) the Florida Second Judicial Circuit;

(2) Florida Circuit Court Judge David Frank in both his individual and official capacities;[1]

(3) Florida Circuit Court Judge Frank Allman in both his individual and official capacities;

---

[1] Although Judge David Frank shares the undersigned's surname, the undersigned is not related to this Defendant.

(4) the Florida First District Court of Appeal; and

(5) Florida First District Court of Appeal Judge Timothy D. Osterhaus in both his individual and official capacities.

Plaintiffs assert claims under 42 U.S.C. §§ 1981, 1983, and 1985; Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e *et seq.*; and 18 U.S.C. §§ 241 and 242. Doc. 6 at 7, 11–15.

Plaintiffs allege that in November 2021, Bobby Evans was struck by a vehicle, which resulted in his death. Doc. 6 at 7. Presumably Plaintiffs have some relation to Bobby Evans, but they never specify this in their amended complaint.

In January 2022—in probate Case Number 21000506CPA, in the Second Judicial Circuit in and for Gadsden County, Florida—Judge David Frank appointed Plaintiff Otis Evans to be the personal representative of the estate of Bobby Evans. *Id.* at 8. During the pendency of the probate proceeding, Judge Frank entered an order of discharge. *Id.* at 10.

On July 23, 2023, Plaintiffs filed a lawsuit—Case Number 23000601CA—in the Second Judicial Circuit in and for Gadsden County.

Judge Frank was the assigned Judge, and in November 2023, Judge Frank granted a motion to dismiss the case. *Id.* at 9–10.

Plaintiffs do not specify any actions taken by Judges Allman and Osterhaus, other than conclusory allegations of "conspiracy" and "fraud."

## II. STANDARD

Motions to dismiss for failure to state a claim are governed by Rule 12(b)(6) of the Federal Rules of Civil Procedure. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation and citation omitted). A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). Additionally, the court may dismiss a claim when the allegations indicate that an affirmative defense—such as a defendant's immunity from suit—bars recovery. *Sibley v. Lando*, 437 F.3d 1067, 1070 n.2 (11th Cir. 2005).

## III. DISCUSSION

Defendants assert multiple arguments in support of dismissal. Because Plaintiffs' claims must be dismissed based on the grounds set

forth below, the undersigned does not address each argument raised by Defendants.

## A. Official-Capacity Claims

### 1. *Claims Under 42 U.S.C. §§ 1981, 1983, and 1985*

For two independent reasons, the District Court must dismiss Plaintiffs' claims—asserted pursuant to 42 U.S.C. §§ 1981, 1983, and 1985—against the Circuit Court, First District Court of Appeal, and against Judges Frank, Allman, and Osterhaus in their official capacities.

#### (a). Defendants are not "Persons"

"[A] state, a state agency, and a state official sued in his official capacity are not 'persons' within the meaning of § 1983." *Edwards v. Wallace Cmty. Coll.*, 49 F.3d 1517, 1524 (11th Cir. 1995); *see Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Here, Plaintiffs request only compensatory and punitive damages. Doc. 6 at 11. Because the Circuit Court, First District Court of Appeal, and Judges Frank, Allman, and Osterhaus—in their official capacities—are not "persons" within the meaning of section 1983, Plaintiffs are not entitled to recover damages from them, and the District Court must dismiss these claims.

### (b). <u>Sovereign Immunity</u>

The Eleventh Amendment recognizes that States may assert sovereign immunity to bar suits by an individual against a State, its agencies, and its employees in their official capacities,[2] unless Congress has abrogated the State's sovereign immunity or the State has consented to the lawsuit. *See Hans v. Louisiana*, 134 U.S. 1, 16–18 (1890); *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003) (en banc). Congress has not abrogated the States' sovereign immunity in actions for damages under section 1983, and Florida has not waived its immunity. *Will*, 491 U.S. at 67–68. Thus, Florida's sovereign immunity bars Plaintiffs' claims against these Defendants. *See Simmons v. Conger* 86 F.3d 1080, 1085 (11th Cir. 1996) (dismissing official capacity claim against state judge on Eleventh Amendment grounds); *Higdon v. Tusan*, 746 F. App'x 805, 809–10 (11th Cir. 2018) (same); *see Uberoi v. Supreme Ct. of Fla.*, 819 F.3d 1311, 1313

---

[2] Official-capacity suits "'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)).

(11th Cir. 2016) (Florida Supreme Court enjoyed Eleventh Amendment sovereign immunity).³

Because Defendants enjoy sovereign immunity as recognized by the Eleventh Amendment, Plaintiffs have failed to state official-capacity claims under §§ 1981, 1983, and 1985 upon which relief can be granted.

### 2.   *Claim Under Title VII of the Civil Rights Act of 1964*

Plaintiffs list Title VII of the Civil Rights Act of 1964 among the statutes that Defendants allegedly violated. Doc. 6 at 11. Title VII governs the conduct of employers, employment agencies, and labor organizations—as those terms are defined in Title VII. 42 U.S.C. § 2000e-2. But Plaintiffs never allege that Defendants are or were employers, employment agencies, or labor organizations with respect to Plaintiffs. Plaintiffs' mere allegation that "Defendants Courts and Judges in the person of Judge David Frank purportedly discharged Plaintiffs Otis Evans as a personal representative," does not suffice to allege that the

---

³ *Ex parte Young* provides a narrow exception to sovereign immunity in cases where a party is seeking prospective relief against state officials for ongoing violations of federal law. 209 U.S. 123 (1908). Plaintiffs did not request prospective relief. Doc. 6 at 11. Nor do Plaintiffs allege an ongoing and continuous violation of federal law. Instead, they seek to adjudicate the legality of past conduct. Thus, *Ex parte Young* is inapplicable. *Summit Med. Assoc., P.C. v. Pryor*, 180 F.3d 1326, 1337 (11th Cir. 1999).

Defendants were employers of Otis Evans or the other two Plaintiffs. Doc. 6 at 10 (error in original). Plaintiffs, therefore, have failed to state a Title VII claim on which relief can be granted.

## B. Individual-Capacity Claims

### 1. *Claims Under 18 U.S.C. §§ 241 and 242*

Plaintiffs also attempt to assert claims under 18 U.S.C. §§ 241 and 242. Doc. 6 at 7. These provisions, however, "are criminal in nature and provide no civil remedies." *Hanna v. Home Ins. Co.*, 281 F.2d 298, 303 (5th Cir. 1960). They do not create a private right of action. *O'Berry v. State Att'ys Office*, 241 F. App'x 654, 657 (11th Cir. 2007) (holding that there is no private right of action under 18 U.S.C. §§ 241 and 242); *Hill v. Didio*, 191 F. App'x 13, 14–15 (2d Cir. 2006) (holding that there is no private right of action under 18 U.S.C. §§ 241 and 242); *Newcomb v. Ingle*, 827 F.2d 675, 676 n.1 (10th Cir. 1987) (holding that 18 U.S.C. § 241 is a criminal statute and does not provide for a private cause of action). Plaintiffs, therefore, have failed to state a claim upon which relief can be granted.

## 2.  *Claims Under 42 U.S.C. §§ 1981, 1983, 1985 Against the Three Judges*

Against Judges Frank, Allman, and Osterhaus, Plaintiffs attempt to state individual-capacity claims pursuant to 42 U.S.C. §§ 1981,[4] 1983, 1985. As discussed below, Plaintiffs fail to state a claim: (1) against Judges Allman and Osterhaus—because Plaintiffs do not allege any specific acts by Judges Allman and Osterhaus; and (2) against Judge Frank—because Judge Frank is entitled to absolute judicial immunity.

### (a).  **Plaintiffs Fail to Allege Any Fact Regarding Judge Allman and Judge Osterhaus**

Regarding Judges Allman and Osterhaus, Plaintiffs broadly and imprecisely allege:

> Defendants Courts and Judges in the person of Judge David Frank, without personal and subject matter jurisdiction conspired and agreed with the other defendants to commit fraud, fraud upon the court, conspiracy, treason against the constitution by conducting a fake/false/fraudulent, vexatious Probate Proceeding that was produced and predicated on Defendants SCOTT, WALLACE AND COLEMAN'S fraudulent POWER OF ATTORNEY Bl RELEASE-SINGLE PERSON AGREEMENT AND SETTLEMENT STATEMENT

---

[4] "Congress intended that the explicit remedial provisions of § 1983 be controlling in the context of damages actions brought against state actors alleging violation of the rights declared in § 1981." *Jett v. Dall. Indep. Sch. Dist.*, 491 U.S. 701, 731 (1989); *Butts v. Cnty. of Volusia*, 222 F.3d 891, 892 (11th Cir. 2000).

> that deprived Plaintiffs' of life, liberty and property without benefit of due process, equal protection, redress, freedom of speech and representation.

Doc. 6 at 10 (errors in original).

Subsequent paragraphs of Plaintiffs' amended complaint similarly allege that "Defendants Courts and Judges in the person of Judge David Frank" committed various other misdeeds. Plaintiffs never specify, however, the acts or omissions of Judges Allman and Osterhaus, if any. Indeed, Plaintiffs' amended complaint contains no factual allegations that specifically mention acts performed—or omissions—by Judges Allman and Osterhaus.

***Failure to Comply with Rule 8(a).*** By failing to articulate the acts or omissions of Judges Allman and Osterhaus that purportedly violated Plaintiffs' rights, Plaintiffs violated Rule 8(a)(2) of the Federal Rules of Civil Procedure insofar as Plaintiffs have not included "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2) requires that a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Est. of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020) (quotation marks omitted). Plaintiffs have not done that. For this

reason alone, Plaintiffs have failed to state a claim on which relief can be granted.

***Failure to Comply with Rule 9(b).*** In a claim alleging fraud, Rule 9(b) requires a complaint to state with particularity the circumstances constituting fraud. *Otto Candies, LLC v. Citigroup, Inc.*, No. 23-13152, 2025 WL 1337052, at *7 (11th Cir. May 8, 2025); *Omnipol, A.S. v. Multinational Defense Servs., LLC*, 32 F.4th 1298, 1307 (11th Cir. 2022). "Under Rule 9(b), claims of fraud must be plead with particularity, which means identifying the who, what, when, where, and how of the fraud alleged." *Omnipol, A.S.*, 32 F.4th at 1307 (citing *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1237 (11th Cir. 2008)).

To meet this standard, a plaintiff must allege "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010) (quotation omitted). This particularity requirement serves important purposes by "alerting defendants to the 'precise misconduct with which they are charged' and

protecting defendants 'against spurious charges of immoral and fraudulent behavior.'" *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (quoting *Durham v. Bus. Mgmt. Assocs.*, 847 F.2d 1505, 1511 (11th Cir. 1988)).

To the extent Plaintiffs are alleging that Judges Allman and Osterhaus committed some type of fraud in violation of federal law, Plaintiffs have utterly failed to comply with the pleading requirements of Rule 9(b). *See* Doc. 6 at 10–11. For this reason, too, Plaintiffs have failed to state a claim against Judges Allman and Osterhaus.

***A Respondeat Superior Theory Fails.*** To the extent Plaintiffs seek to state a claim against Judges Allman and Osterhaus under a theory of *respondeat superior* for the actions of Judge Frank, they cannot do so. Section 1983 "claims may not be brought against supervisory officials on the basis of vicarious liability or respondeat superior." *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010) (citing *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994)); *see also Hardin v. Hayes*, 957 F.2d 845, 849 (11th Cir. 1992). "However, supervisors are liable under § 1983 'either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection

between the actions of the supervising official and the alleged constitutional violation.'" *Keating*, 598 F.3d at 762 (quoting *Gonzales v. Reno*, 325 F.3d 1228, 1234 (11th Cir. 2003)).

"A causal connection can be established by, *inter alia*, 'facts which support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.'" *Id.* (quoting *Gonzalez*, 325 F.3d at 1235). "The standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is *extremely rigorous*." *Doe v. School Bd. of Broward Cnty., Fla.*, 604 F.3d 1248, 1266 (11th Cir. 2010) (emphasis added).

As noted above, Plaintiffs fail to allege any specific acts or omissions on the part of Judges Allman and Osterhaus. Thus, they cannot rely on a *respondeat superior* theory of liability. For this reason, too, Plaintiffs have failed to state a claim against Judges Allman and Osterhaus.

### (b).   Absolute Judicial Immunity

Judge Frank argues that he is entitled to absolute judicial immunity. Doc. 16 at 4–6.

"If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits. The resulting timidity would be hard to detect or control, and it would manifestly detract from independent and impartial adjudication." *Forrester v. White*, 484 U.S. 219, 226–27 (1988). Accordingly, the law provides judges with absolute immunity. *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978).

"Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (citations omitted). "A judge enjoys immunity for judicial acts regardless of whether he made a mistake, acted maliciously, or exceeded his authority." *McCullough v. Finley*, 907 F.3d 1324, 1331 (11th Cir. 2018); *Stevens v. Osuna*, 877 F.3d 1293, 1301 (11th Cir. 2017).

***Judge Frank Was Acting Within his Judicial Capacity.***
"Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal

judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity." *Sibley*, 437 F.3d at 1070 (citing *Scott v. Hayes*, 719 F.2d 1562, 1565 (11th Cir. 1983)).

Here, Plaintiffs allege that during the probate proceeding and the wrongful death suit, Judge Frank took the following actions:

- he appointed Otis Evans to be the personal representative to the decedent Bobby Evan's estate;
- he conducted a hearing;
- he concluded that Plaintiffs were abusive *pro se* litigants;
- he entered an order of discharge in the probate proceeding; and
- he entered an order granting a motion to dismiss the wrongful death suit.

Doc. 6 at 8–10.

All of these actions are normal judicial functions, and Judge Frank clearly performed them in his capacity as the presiding judge over the state probate proceeding and wrongful death suit. Therefore, Judge Frank was acting within his judicial capacity in taking all the actions about which Plaintiffs complain.

***Judge Frank Was Acting Within His Jurisdiction.*** A judge acts in the "clear absence of all jurisdiction" when the matter on which he acts is clearly outside of the subject matter jurisdiction of the court over which he presides. *See Dykes v. Hosemann*, 776 F.2d 942, 948 (11th Cir. 1985). The term "jurisdiction," as it applies to judicial immunity, "means judicial power to hear and determine a matter, not the manner, method or corruptness of the exercise of that power." *McGlasker v. Calton*, 397 F. Supp. 525, 530 (M.D. Ala.), *aff'd*, 524 F.2d 1230 (5th Cir. 1975); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (jurisdiction is the "*power* to adjudicate the case"). Judicial "immunity applies even when the judge's acts are in error, malicious, or were in excess of his jurisdiction." *Sibley*, 437 F.3d at 1070; *Wilson v. Bush*, 196 F. App'x 796, 799 (11th Cir. 2006) ("[Judicial] immunity applies even when the judge is accused of acting . . . corruptly.") (quoting *Pierson v. Ray*, 386 U.S. 547, 553–54 (1967)).

Under Florida law, subject matter jurisdiction is conferred on Florida courts by the Florida constitution and applicable statutes. *Goodley v. Greene*, No. 21-CIV-61284-RAR, 2021 WL 4244869, at *5 (S.D. Fla. Sept. 17, 2021), *aff'd*, No. 21-13978, 2022 WL 4113101 (11th Cir.

Sept. 9, 2022). Under the Florida Constitution and Florida law, Florida circuit courts have "exclusive original jurisdiction" over "proceedings relating to the settlement of the estates of decedents and minors, the granting of letters testamentary . . . and other jurisdiction usually pertaining to courts of probate[.]" Fla. Stat. § 26.012(2)(b); Fla. Const. art. V, § 20.

Although Plaintiffs assert that Judge Frank acted improperly and corruptly by conspiring with the other Defendants to enter unlawful orders, Plaintiffs do not allege facts which indicate that Judge Frank acted in the *absence of jurisdiction*. Merely alleging that a judge acted "corruptly" is not enough. *See Wilson*, 196 F. App'x at 799 ("The district court properly found that judicial immunity shield[ed]" judges from suit where the plaintiff's claims were "based on allegations that the judges acted corruptly" by conspiring and entering unlawful orders).

To be sure, Plaintiffs repeatedly allege that Judge Frank acted "without jurisdiction." Doc. 6 at 9. But courts are "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). "[C]onclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not

prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). Thus, mere conclusory allegations that Judge Frank lacked jurisdiction are insufficient.

Because Judge Frank is entitled to absolute judicial immunity, Plaintiffs have failed to state a claim against him upon which relief can be granted.

***Judges Allman and Osterhaus.*** As discussed above, judges enjoy immunity for actions taken in their official capacities and within their jurisdictions. *Bolin*, 225 F.3d at 1239. Determining whether judicial immunity applies to a judge's actions, therefore, necessarily requires an examination of the actions taken by a judge. As noted above—other than vague and conclusory accusations of "conspiracy" and "fraud"—Plaintiffs do not allege any actions that Judges Allman and Osterhaus took. Accordingly, it would be nonsensical to ask whether—much less conclude that—Judges Allman and Osterhaus acted within their judicial capacities and within their jurisdiction when, according to the amended complaint, *Judges Allman and Osterhaus did not take any actions.*

Nevertheless, to the extent that Plaintiffs suggest that Judges Allman and Osterhaus adopted Judge Frank's findings or failed to

overrule his findings and conclusions, Judges Allman and Osterhaus would have been acting within their judicial capacities and within their jurisdiction. *Weissbrod v. Broward Cnty. Bd. of Supervisors*, No. 21-13277, 2022 WL 3371643, at *3 (11th Cir. Aug. 16, 2022). They, therefore, also would be protected by absolute judicial immunity.

## IV. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **GRANT** Judge David Frank's, Judge Frank Allman's, and Judge Timothy D. Osterhaus's motions to dismiss, Docs. 16, 17 & 21, and **DISMISS** Plaintiffs' claims against the Florida Second Judicial Circuit, the First District Court of Appeals, Judge David Frank, Judge Frank Allman, and Judge Timothy D. Osterhaus.

2. **REMAND** this matter back to the undersigned for further proceedings.

At Pensacola, Florida on May 21, 2025.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**