# UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

GLORIA EVANS MICKENS, *et al.*,

      Plaintiffs,

v.                                                        Case No. 4:25-cv-102-AW/MJF

CIRCUIT COURT SECOND
JUDICIAL CIRCUIT, *et al.*,

      Defendants.

_____/

## THIRD REPORT AND RECOMMENDATION

Plaintiffs assert claims based on: (1) the death of Bobby Evans; (2) the probate proceeding for the Estate of Bobby Evans, and (3) a wrongful death suit Plaintiffs previously had initiated in a Florida court. Plaintiffs have attempted to sue twenty Defendants. Four Defendants—(1) Scott & Wallace, LLP, (2) Robert Scott, (3) J. Clint Wallace, and (4) Jami A. Coleman—move to dismiss on various grounds. Docs. 26, 55. Plaintiffs oppose these motions. Docs. 30, 58. The District Court should dismiss this civil action against all remaining Defendants because Plaintiffs' amended complaint is a so-called "shotgun pleading." Also, as to the four Defendants who move for dismissal, to the extent anyone can discern

Page 1 of 20

intelligible claims in Plaintiffs' amended complaint, Plaintiffs have failed to comply with the heightened pleading standard of Rule 9(b) applicable to some claims, and Plaintiffs have failed to state a claim on which relief can be granted.

**BACKGROUND**

## A.   The Undersigned's Order to Correct Multiple Deficiencies

On March 5, 2025, Plaintiffs commenced this civil action with a complaint that was a quintessential "shotgun pleading." Doc. 1. Because Plaintiffs' initial complaint suffered from obvious deficiencies, the undersigned struck the complaint and ordered Plaintiffs to file an amended complaint. Doc. 4. The undersigned provided Plaintiffs with specific instructions to ensure that Plaintiffs corrected the many deficiencies of their initial complaint, all to no avail. *Id.* at 9–10.

## B.   Plaintiffs' Amended Complaint

On March 24, 2025, Plaintiffs filed their amended complaint. Doc. 6. Plaintiffs allege that in November 2021, a motor vehicle struck Bobby Evans, which resulted in his death. Doc. 6 at 7. Plaintiffs are the siblings of Bobby Evans, although they never mention this in their amended complaint. Doc. 33 at 1.

On November 3, 2021, Plaintiff Otis Evans retained Defendants Robert Scott and J. Clint Wallace—attorneys affiliated with the firm Scott & Wallace LLP—to represent Bobby Evans's estate in a wrongful death suit. Doc. 6 at 8. On December 7, 2021, Plaintiff Otis Evan retained Jamie Coleman—an attorney affiliated with the law firm Williams & Coleman, P.A.—to represent Bobby Evans's estate in the probate proceeding. *Id.*

On January 5, 2022, in probate Case Number 21000506CPA, Defendant Judge David Frank appointed Plaintiff Otis Evans as the personal representative of the estate of Bobby Evans.[1] *Id.* Plaintiff Otis Evans signed a "POWER OF ATTORNEY BI RELEASE-SINGLE PERSON AGREEMENT AND SETTLEMENT STATEMENT," which Plaintiffs contend was "fraudulent." *Id.*

On September 8, 2022, Judge David Frank entered an order of discharge in the probate proceeding. *Id.* at 9; Doc. 30-4.

On July 23, 2023, Plaintiffs filed a civil lawsuit in the Second Judicial Circuit in and for Gadsden County against several Defendants,

---

[1] Although Judge David Frank shares the undersigned's surname, the undersigned is not related to this Defendant.

including Scott, Wallace, Scot & Wallace LLP, Coleman, and Williams & Coleman, P.A. *See* Doc. 6 at 9–10. Judge David Frank was the assigned judge. The claims in the Florida civil case appear—to the extent any salient facts can be discerned from Plaintiffs' amended complaint in the instant action—to be predicated on: (1) the execution of the "fraudulent" "POWER OF ATTORNEY BI RELEASE-SINGLE PERSON AGREEMENT AND SETTLEMENT STATEMENT"; and (2) the effect of the settlement statement on the probate proceeding. On November 30, 2023, Judge David Frank dismissed Plaintiffs' complaint with prejudice for failure to state a claim for relief. *Id.* at 10; Doc. 26-3.

## C. Plaintiffs' Claims Against the Four Defendants Who Move for Dismissal

Plaintiffs assert the following fourteen claims against the four Defendants who move for dismissal:

- Count I: "Due Process – Violation of 42 U.S.C. Sections 1981, 1983, and 1985(3), 1964 Civil Rights Act, Title VII;"

- Count II: "Procedural Due Process – Violation of 42 U.S.C. Sections 1981, 1983, and 1985(3), 1964 Civil Rights Act, Title VII;"

- Count III: "Substantive Due Process – Violation of 42 U.S.C. Sections 1981, 1983, and 1985(3), 1964 Civil Rights Act, Title VII;"

- Count IV: "Equal Protection – Violation of 42 U.S.C. Sections 1981, 1983, and 1985(3), 1964 Civil Rights Act, Title VII;"

- Count V: "Discrimination Based on Race – Violation of 1964 Civil Rights Act Title VII, 42 U.S.C. Sections 1981, 1983, and 1985(3);"

- Count VI: "Retaliation – Violation of 42 U.S.C. Sections 1983 and 1985(3), Civil Rights Act of 1964 and 1991, 42 U.S.C. Section 2000a;"

- Count VII: "Conspiracy – Violation of 42 U.S.C. Sections 1981, 1983, and 1985(3), 1964 Civil Rights Act, Title VII;"

- Count VIII: "Fraud Upon the Court – Violation of 42 U.S.C. Sections 1981, 1983, and 1985(3), 1964 Civil Rights Act, Title VII;"

- Count XIII: "Civil Conspiracy – Violation of 42 U.S.C. Sections 1983 and 1985(3);"

- Count XIV: "Intentional Infliction of Emotional Distress– Violation of 42 U.S.C. Section 1983 and 1985(3);"

- Count XV: "Fraud – Violation of 42 U.S.C. Sections 1983 and 1985(3);"

- Count XVI: "Breach of Contract – Violation of 42 U.S.C. Sections 1983 and 1985(3);"

- Count XVII: "Breach of Fiduciary Duty – Violation of 42 U.S.C. Sections 1983 and 1985(3);" and

- Count VXIII: "Malpractice – Violation of 42 U.S.C. Sections 1983 and 1985(3)."

Plaintiffs seek $5,000,000.00 per claim and punitive damages of $25,000,000.00 per claim. Doc. 6 at 11.

## DISCUSSION

Motions to dismiss for failure to state a claim are governed by Rule 12(b)(6) of the Federal Rules of Civil Procedure. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation and citation omitted). A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).

## A.   **Plaintiffs Failed to Comply with Rule 8(a) and Rule 10(b)**

A civil complaint filed in federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Furthermore, a civil complaint filed in federal court must contain "numbered paragraphs,

each limited as far as practicable to a single set of circumstances." Fed.
R. Civ. P. 10(b).

The purpose of these rules is "to require the pleader to present his
claims discretely and succinctly" so the opposing party and the court can
discern the nature of the plaintiff's claims. *Barmapov v. Amuial*, 986 F.3d
1321, 1324 (11th Cir. 2021) (quoting *Weiland v. Palm Beach Cnty.
Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015)). Additionally,
compliance with these rules allows courts to "determine 'which facts
support which claims,' [and] 'whether the plaintiff has stated any claims
upon which relief can be granted.'" *Id.* (quoting *Weiland*, 792 F.3d at
1320).

"A so-called 'shotgun pleading' is a complaint that violates Federal
Rules of Civil Procedure 8(a)(2) or 10(b), or both." *Toth v. Antonacci*, 788
F. App'x 688, 690 (11th Cir. 2019). "A district court has the 'inherent
authority to control its docket and ensure the prompt resolution of
lawsuits,' which includes the ability to dismiss a complaint on shotgun
pleading grounds." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295
(11th Cir. 2018) (quoting *Weiland*, 792 F.3d at 1320). A district court that
receives a shotgun pleading must *sua sponte* give a plaintiff "one chance

to replead." *Id.* at 1296. But once a *pro se* litigant has been given that opportunity to remedy the deficiencies and squanders the opportunity by filing another shotgun pleading, the district court has the authority to dismiss the complaint on shotgun pleading grounds. *Id.* at 1295; *Byrne v. Nezhat*, 261 F.3d 1075, 1133 (11th Cir. 2001); *see also Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) ("Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order.") (citations omitted).

Plaintiffs' initial complaint violated Rule 8(a) and Rule 10(b). Doc. 1. The undersigned, therefore, struck that complaint and afforded Plaintiffs an opportunity to file an amended complaint. Doc. 4.

To ensure compliance with Rule 8(a) and Rule 10(b), the undersigned provided Plaintiffs with detailed instructions regarding amendment of Plaintiffs' complaint. *Id.* Furthermore, the complaint form utilized by Plaintiffs provides instructions to ensure compliance with the Federal Rules of Civil Procedure. Specifically, the complaint form states in relevant part:

### III. STATEMENT OF FACTS

Provide a short and plaint statement of the ***facts*** which show why you are entitled to relief. Describe how ***each*** Defendant

was involved and what each person did, or did not do, in support of your claim. Identify when and where the events took place, and state how each Defendant caused harm or violated federal law.

## IV. STATEMENT OF CLAIMS

State what rights under the Constitution, laws, or treaties of the United States have been violated. Be specific if more than one claim is asserted, number each claim and relate it to the facts alleged in Section III.

Doc. 6 at 6, 11. Plaintiffs disregarded these instructions and failed to comply with the Federal Rules of Civil Procedure.

Specifically, Plaintiffs asserted eighteen claims, but they did not connect the facts alleged in the statement of facts to any cause of action. For example, in Count II, Plaintiff asserts "All Defendants conspired and agreed with each other to deprive Plaintiffs of procedural due process to deprive Plaintiffs of life, liberty, and property without benefit of Procedural Due Process." Doc. 6 at 12. Plaintiffs, however, do not identify specific facts to support this claim.

Similarly, in Count III, Plaintiffs assert "Defendants conspired and agreed with each other to deprive Plaintiffs of Substantive Due Process." *Id.* Plaintiffs again did not identify which facts—if any—in the statement of facts section support this claim.

Furthermore, Plaintiffs' statement of facts is replete with conclusory and vague allegations. For example, Plaintiffs allege that Defendants:

> conspired an agreed with each other . . . to commit fraud, theft, fraud upon the court, conspiracy, fraudulent misrepresentation, fraudulent inducement, fraudulent conversion, false pretenses, forgery, scheme to defraud, organized fraud, Medicare and Medicaid fraud, breach of contract, breach of fiduciary duties, malpractice, treason against the constitution and other acts of intentional misconduct.

> conspired and agreed with the other defendants to fraudulently eradicate, eliminate, or terminate Plaintiff Otis Evan's status, standing, capacity and authority as a personal representative and Plaintiffs Gloria Evans Mickens and Doris Enzor' status, standing, capacity, and authority as beneficiaries without benefit of due process, equal protection, redress, freedom of speech and representation.

> conspired and agreed with each other and with the other defendants to use the fraudulent POWER OF ATTORNEY BI RELEASE-SINGLE PERSON AGREEMENT AND SETTLEMENT STATEMENT to fraudulent extricate themselves and all of the other defendants from liability, responsibility and accountability for their crimes and torts including murder/manslaughter and wrongful death of Bobby Evans.

*Id.* at 8–9. Plaintiffs, however, do not identify ***facts*** that would indicate Defendants are liable under any of Plaintiffs' multiple theories.

Plaintiffs' amended complaint, therefore, is an impermissible "shotgun pleading." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1359 n.9 (11th Cir. 1997) (noting that a complaint is a shotgun pleading when the "reader of the complaint must speculate as to which factual allegations pertain to which count"); *see Est. of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1356 n.5 (11th Cir. 2020); *Weiland*, 792 F.3d at 1323 (noting that one form of shotgun pleading is one that asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions.").

Because Plaintiffs' amended complaint does not comply with Rule 8(a) and Rule 10(b), and because Plaintiffs failed to comply with the undersigned's order to amend their complaint to comply with these Rules, the District Court should strike Plaintiffs' amended complaint and dismiss this civil action against the four Defendants who have moved for dismissal and all remaining Defendants.

## B.    Plaintiffs Failed to Comply with Rule 9(b)

In addition to their failure to comply with Rule 8(a) and Rule 10(b), Plaintiffs also failed to comply with Rule 9(b).

Plaintiffs repeatedly state that all remaining Defendants committed fraud, conspired to commit fraud, and acted fraudulently. Doc. 6 at 7–12. As to claims that "sound in fraud," Rule 9(b) requires a complaint to state with particularity the circumstances that constitute fraud. *Otto Candies, LLC v. Citigroup, Inc.*, 137 F.4th 1158, 1178 (11th Cir. 2025); *Omnipol, A.S. v. Multinational Defense Servs., LLC*, 32 F.4th 1298, 1307 (11th Cir. 2022). "Under Rule 9(b), claims of fraud must be plead with particularity, which means identifying the who, what, when, where, and how of the fraud alleged." *Omnipol, A.S.*, 32 F.4th at 1307 (citing *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1237 (11th Cir. 2008)).

A plaintiff satisfies the requirements of Rule 9(b) when he states:

(1) the precise fraudulent statement(s) or omission(s) and the document in which they were made, if any;

(2) the time and place of each such statement(s) or omission(s);

(3) the person responsible for making (or, in the case of an omission, not making) the same;

(4) the content of such statement(s), or, in the case of an omission or omissions, what should have been stated;

(5) the manner in which the statement(s) or omission(s) misled the plaintiff; and

(6) what the defendants obtained as a consequence of the fraud.

*Otto Candies, LLC*, 137 F.4th at 1178; *Omnipol, A.S.*, 32 F.4th at 1307; *Crawford's Auto Ctr., Inc. v. State Farm Mut. Auto. Ins. Co.*, 945 F.3d 1150, 1159 (11th Cir. 2019).

When a plaintiff alleges the commission of fraud by multiple defendants, the plaintiff must allege these facts "with respect to *each defendant's participation in the fraud.*" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010) (emphasis added). Thus, under Rule 9(b), the "essential allegation and circumstance of fraudulent conduct cannot be alleged" in a "conclusory fashion." *United States ex rel. Clausen v. Lab'y Corp. of Am.*, 290 F.3d 1301, 1313 (11th Cir. 2002). Also, as noted above, Rule 9(b)'s enhanced pleading standard applies to any claim that "sounds in fraud," regardless of the label a plaintiff attaches to the claim. *Pop v. Lulifama.com LLC*, 145 F.4th 1285, 1293 (11th Cir. 2025).

Plaintiffs allege that all the Defendants committed fraud, acted fraudulently, and participated in a conspiracy to commit fraud. Doc. 6 at 7–11. Plaintiffs, however, have utterly failed to comply with the pleading requirements of Rule 9(b). For this reason, too, to the extent that Plaintiffs assert claims that sound in fraud, Plaintiffs have failed to state a claim against all of the remaining Defendants.

**C.    Plaintiffs Failed to State a Claim Under Sections 1981, 1983, and 1985**

In addition to the deficiencies noted above, the District Court should grant the respective motions to dismiss of the four Defendants who move for dismissal because Plaintiffs have failed to state plausible claims under sections 1981, 1983, and 1985.

### 1.    *Failure to State a Claim under Section 1981*

To state a claim under section 1981, a plaintiff must allege:

(1)    the defendant intentionally discriminated against the plaintiff on the basis of the plaintiff's race; and

(2)    the discrimination concerned one or more of the activities enumerated in section 1981.

*Gen. Bldg. Contractors Ass'n v. Pennsylvania*, 458 U.S. 375, 391 (1982); *Watts v. Jogger's Run Property Owner's Ass'n, Inc.*, 133 F.4th 1032, 1044 (11th Cir. 2025); *Ziyadat v. Diamondrock Hospitality Co.*, 3 F.4th 1291, 1296 (11th Cir. 2021); *Moore v. Grady Mem'l Hosp. Corp.*, 834 F.3d 1168, 1171–72 (11th Cir. 2016); *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1270 (11th Cir. 2004).

With respect to the first element, "in order to avoid dismissal, a plaintiff's complaint must provide enough factual matter (taken as true) to suggest intentional . . . discrimination." *Castillo v. Allegro Resort*

*Mktg.*, 603 F. App'x 913, 917 (11th Cir. 2015) (citing *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008)); *see Rutstein v. Avis Rent-A-Car Sys., Inc.*, 211 F.3d 1228, 1235 (11th Cir. 2000).

Here, Plaintiffs rely on a conclusory allegation that some Defendants discriminated against them. For example, Plaintiffs allege:

> Defendants Courts and judges . . . conspired and agreed with the other defendants to impose a fraudulent POWER OF ATTORNEY BI RELEASE-SINGLE PERSON AGREEMENT AND SETTLEMENT STATEMENT to conduct without jurisdiction a fake, frivolous, false, fraudulent, vexatious PROBATE PROCEEDING TO RAILROAD, DEMEAN, EMBARRASS, INTIMIDATE AND STIGMATIZE PLAINTIFFS and to deprive Plaintiffs of life, liberty, and property without benefit of due process, equal protection, redress, freedom of speech and representation, based on race.

> Defendants Courts and judges . . . , based on race, without jurisdiction conspired and agreed with the other defendants to fraudulently, intentionally and negligently presumed and assumed Plaintiffs as ABUSIVE PRO SE LITIGANTS.

Doc. 6 at 9. These wholly conclusory allegations do not include any allegation that the four Defendants who move to dismiss intentionally discriminated against Plaintiffs based on the Plaintiffs' race. Plaintiffs, therefore, have failed to state a claim under § 1981 upon which relief can be granted.

## 2.    *Failure to State a Claim under Section 1983*

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotations omitted).

Plaintiffs do not allege any facts which indicate that the four Defendants were acting under color of state law. Alleging that Defendants are attorneys is insufficient. A private attorney representing a client in a civil matter generally is not acting under color of state law. *Huls v. Llabana*, 437 F. App'x 830, 832 (11th Cir. 2011); *Cobb v. Ga. Power Co.*, 757 F.2d 1248, 1251 (11th Cir. 1985) ("[O]ne who has obtained a state court order or judgment is not engaged in state action merely because [he] used the state court legal process."). Only in rare circumstances may a private party be viewed as a state actor for § 1983 purposes:

> [T]o hold that private parties . . . are State actors, th[e] court must conclude that one of the following three conditions is met: (1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution (State compulsion test); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State (public function test); or (3) the State had so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise (nexus/joint action test).

*Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001) (internal quotations omitted). But Plaintiffs do not allege facts consistent with these three theories of state action. True, Plaintiffs allege a "conspiracy" that include state actors, this allegation is a conclusory one devoid of supporting facts. Thus, with respect to the four Defendants who move for dismissal, Plaintiffs have failed to state a claim under § 1983.

### 3.    *Failure to State a Claim under Section 1985*

To state a claim under section 1985(3), a plaintiff must allege:

(1)    the defendant formed or joined a conspiracy;

(2)    the purpose of the conspiracy was to deprive a protected person or class the equal protection of the laws, or equal privileges and immunities under the law;

(3)    a conspirator committed an act to further the conspiracy; and

(4)    as a result of the conspiracy, the plaintiff suffered injury to either his person or his property, or was deprived of a right or privilege of a citizen of the United States.

Page 17 of 20

*Jiminez v. Wellstar Health Sys.*, 596 F.3d 1304, 1312 (11th Cir. 2010); *Lucero v. Operation Rescue of Birmingham*, 954 F.2d 624, 627–28 (11th Cir. 1992).

Plaintiffs' amended complaint does not include *facts* sufficient to allege these elements. Instead, Plaintiffs rely on mere conclusions. "Mere labels and conclusions or a formulaic recitation of the elements of a cause of action will not do, and a plaintiff cannot rely on naked assertions devoid of further factual enhancement." *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (internal quotation marks and alteration omitted). Because Plaintiffs have failed to allege facts in support of this claim, Plaintiffs have failed to state a claim under § 1985 against the four Defendants who move for dismissal.

**D.   <u>Plaintiffs Failed to State a Claim Under Title VII</u>**

Plaintiffs also attempt to assert a claim against the four Defendants under Title VII of the Civil Rights Act of 1964. Title VII prohibits employment discrimination based on a plaintiff's race, color, and religion, among other characteristics. 42 U.S.C. § 2000e-2(a)(1). To state a claim under Title VII, a plaintiff must allege:

(1)   the plaintiff is a member of a protected class;

(2)    the plaintiff suffered an adverse employment action;

(3)    due to intentional discrimination.

*Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015).

Plaintiffs fail to allege any of these elements with respect to the four Defendants who move for dismissal. Accordingly, Plaintiffs have failed to state a claim under Title VII.

## CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1.    **STRIKE** Plaintiffs' amended complaint;

2.    **GRANT** Scott & Wallace LLP, Robert Scott, and J. Clint Wallace's motion to dismiss, Doc. 26.

3.    **GRANT** Jamie A. Coleman's motion to dismiss, Doc. 55.

4.    **DISMISS** this civil action against all remaining Defendants and close the case file.

At Pensacola, Florida on November 25, 2025.

/s/ *Michael J. Frank*

**Michael J. Frank**
**United States Magistrate Judge**

## <u>NOTICE TO THE PARTIES</u>

**The District Court referred this case to a magistrate judge to make recommendations regarding dispositive matters.** ***See*** **N.D. Fla. Loc. R. 72.2;** ***see also*** **28 U.S.C. § 636(b); Fed R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions.** ***See*** **11th Cir. Rule 3-1; 28 U.S.C. § 636.**