IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**GLORIA EVANS MICKENS, et al.,**

    **Plaintiffs,**

v.                                                        Case No. 4:25-cv-102-AW-MJF

**CIRCUIT COURT SECOND JUDICIAL CIRCUIT, et al.,**

    **Defendants.**

_____/

## ORDER ADOPTING THIRD REPORT AND RECOMMENDATION

Three pro se Plaintiffs sued three state judges, two courts, and numerous others. The judicial defendants moved to dismiss. ECF Nos. 16, 17, 21. The court earlier adopted the magistrate judge's report and recommendation and granted those motions. ECF No. 34. Now at issue is the magistrate judge's third report and recommendation, which concludes the complaint is a shotgun pleading and that the court should dismiss all claims. ECF No. 81. I have considered that report and recommendation, and I have considered de novo the issues raised in Plaintiffs' objections. ECF No. 84. I agree Plaintiffs' complaint is a shotgun pleading. And because Plaintiffs' initial complaint (ECF No. 1) was also a shotgun pleading, and because Plaintiffs already had an opportunity to correct the problems and failed to do so, I will now dismiss the case in its entirety. This moots the other pending motions and obviates any need to address the second report and recommendation

1

(ECF No. 75), which correctly explains (among other things) that the Florida Department of Financial Services is entitled to Eleventh Amendment immunity.

The magistrate judge correctly explains why the First Amended Complaint is a shotgun pleading. I adopt that portion of the report and recommendation and incorporate it into this order. I do not adopt the discussion about Rule 9(b) deficiencies, because the Rule 9(b) issue becomes moot with the dismissal based on the shotgun-pleading issue.

Plaintiffs' objections, like their complaint, are hard to follow. They contend the magistrate judge committed fraud on the court. The gist of their overall claim is that Plaintiffs' former attorneys, some state judges, the Florida Department of Financial Services, and others all conspired to deprive them of their rights. Now, they argue that the magistrate judge conspired too. They claim he "has conspired and agreed without jurisdiction to permit Defendants . . . to fraudulently dismiss Plaintiffs' Complaint based on fraudulent grounds to obtain fraudulent Orders form the District Court judge." ECF No. 84 at 3. There is no merit to this objection or any other. All objections are now overruled.

The clerk will enter a judgment that says, "Plaintiffs' complaint is dismissed with prejudice as a shotgun pleading based on Rules 8 and 10." The clerk will then close the file. All pending motions are DENIED as moot.

SO ORDERED on December 15, 2025.

                                                s/ *Allen Winsor*
                                                Chief United States District Judge